Keith C. MOORE, Plaintiff–Appellant,

v.

STATE OF INDIANA, Indiana Department of Corrections and Thomas D. Richards, Defendants–Appellees.

No. 91–2776.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 1993.

Decided July 20, 1993.

1126

Charles M. Russell, Indianapolis, IN (argued), for Keith C. Moore.

Wayne E. Uhl, Deputy Atty. Gen., John Thomas Roy (argued), Federal Litigation, Indianapolis, IN, for State of Ind.

Arthur T. Perry, Deputy Atty. Gen., John Thomas Roy, Federal Litigation, Indianapolis, IN, for Indiana Dept. of Corrections and Thomas D. Richards.

Before CUMMINGS and KANNE, Circuit Judges, and MIHM, Chief District Judge.*

KANNE, Circuit Judge.

The plaintiff appeals the district court's denial of his motion requesting leave to file an amended complaint pursuant to Fed. R.Civ.P. 15(a). Finding that the plaintiff's proposed amended complaint could not withstand a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, we affirm.

### I. *Background*

While confined at Indiana State Farm (ISF) in the summer of 1986, the plaintiff, Keith C. Moore, sustained injuries in an automobile accident; later that year, he was transferred to the Indiana Youth Center (IYC). On May 3, 1988, he filed in the district court a request for a writ of habeas corpus ordering that his "good time" be restored by the defendants—the State of Indiana, the Indiana Department of Correction, IYC Superintendent Thomas D. Richards, and the Indiana Attorney General. The petition alleged that, in retaliation for his filing a damages claim related to injuries he suffered in the traffic accident, the defendants extended, without due process, his period of incarceration and unlawfully denied him medical treatment. On May 17, 1988, a United States magistrate issued, *sua sponte,* an order stating that the habeas corpus petition was better construed as a claim alleging retaliation for the exercise of a constitutionally protected right, a violation of 42 U.S.C. § 1983. As only the Attorney General had been served the habeas corpus petition, on May 23, 1988, the plaintiff complied with the magistrate's direction to serve all the defendants.

The defendants responded with a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. On July 21, 1988, the plaintiff filed a motion in opposition to the defendants' motion to dismiss and a separate Rule 15 motion for leave to file an amended complaint. In so doing, the plaintiff did not submit a proposed amended complaint or describe the specific contents of the amended complaint he sought to file.

With the exception of the plaintiff's October 20, 1988, motion for a jury trial, no significant action in the case occurred over the next twenty-five months. On August 28,

---

* The Honorable Michael M. Mihm, Chief Judge of the United States District Court for the Central District of Illinois, is sitting by designation.

1990, the magistrate issued an order directing the plaintiff to report on the status of his incarceration, to tender his proposed amended complaint, and to file a statement of the issues presented by the proposed amended complaint. The plaintiff submitted the requested materials on September 18, 1990, including a proposed amended complaint that dropped the Attorney General as a defendant and named for the first time an additional thirteen defendants. Consistent with the change from a habeas corpus proceeding to a § 1983 claim, while the original complaint requested only the restoration of "good time," the proposed amended complaint contained an additional claim for damages against each of the defendants, in both their official and individual capacities. The original defendants countered by filing a motion in opposition to the plaintiff's request to amend his complaint.

On January 23, 1991, the district court denied the plaintiff's habeas corpus request for the restoration of good time as moot in light of the plaintiff's release from incarceration. The district court also denied the plaintiff's request to amend his complaint, holding that such an amendment would be futile since the statute of limitations had expired with regard to the thirteen putative defendants. The court found the amended complaint's claim for damages against the original defendants equally as futile because the Eleventh Amendment bars suit against the state entities and the Superintendent in his official capacity, and the plaintiff failed to properly allege a cause of action against Superintendent Richards in his individual capacity. As a result, the court dismissed the case. The plaintiff appeals the denial of his motion to amend his complaint and the resulting dismissal of his case, but concedes that the district court properly denied his claim for habeas corpus relief as moot.

## II. *The Denial of the Motion to Amend*

■ We review a district court's denial of a motion for leave to amend for abuse of discretion. *Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir.1992). Although Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a

responsive pleading is served, here, the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants. *Williams v. United States Postal Service,* 873 F.2d 1069, 1072 n. 2 (7th Cir.1989); *La Batt v. Twomey,* 513 F.2d 641, 651 n. 9 (7th Cir.1975). While Rule 15(a) states that "leave shall be freely given when justice so requires," the court should not allow the plaintiff to amend his complaint when to do so would be futile. *Villa v. City of Chicago,* 924 F.2d 629, 632 (7th Cir.1991) (citing *Foman v. Davis,* 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)); *Williams,* 873 F.2d at 1072. We, as did the district court, view the plaintiff's efforts to amend his complaint as futile because each of the claims for damages contained in the proposed amended complaint could not withstand a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

### A. *The Original Defendants*

■ The plaintiff's proposed amended complaint removed the Attorney General as a defendant and added damages claims against the three remaining original defendants: the State of Indiana, the Indiana Department of Corrections, and Superintendent Richards in his official capacity. In the absence of the state's consent or a valid Congressional override, the Eleventh Amendment prohibits a suit in federal court "in which the State or one of its agencies or departments is named as the defendant." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). *See also Kroll v. Board of Trustees of University of Illinois,* 934 F.2d 904, 907 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 377, 116 L.Ed.2d 329 (1991). "This bar remains in effect when State officials are sued for damages in their official capacities." *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (citing *Cory v. White,* 457 U.S. 85, 90, 102 S.Ct. 2325, 2328, 72 L.Ed.2d 694 (1982); *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974)). *See also Meadows v. State of Indiana,* 854 F.2d 1068, 1069 (7th Cir.1988). As the State of Indiana has not

consented to this suit and Congress did not override this immunity through the enactment of § 1983, *Quern v. Jordan,* 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979), the district court lacks subject matter jurisdiction with regard to any damage claims against the State of Indiana, the Indiana Department of Corrections, and Superintendent Richards in his official capacity.

■ The proposed amended complaint seeks to add a separate claim for damages against Superintendent Richards in his individual capacity, an action outside the scope of Eleventh Amendment immunity. Nonetheless, a valid § 1983 claim for damages against a state supervisory official in his individual capacity requires "a showing of direct responsibility for the improper action." *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983). In other words, "*an individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* See also *Rascon v. Hardiman,* 803 F.2d 269, 273–74 (7th Cir.1986) (§ 1983 liability requires the supervisory official "knowingly, willfully, or at least recklessly [cause] the alleged deprivation by his action or failure to act"). The plaintiff has not directed us in either his brief or at oral argument to any allegation in the proposed amended complaint that involves Superintendent Richard's participation in or direct responsibility for a constitutional deprivation.[1] Hence, even accepting the well-pleaded factual allegations as true, no set of facts consistent with those allegations would impose liability upon Superintendent Richards in his individual capacity, as required to survive a Rule 12(b)(6) motion. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991).

## B. *The Additional Defendants*

■ The proposed amended complaint seeks to assert, for the first time, damages claims against the Commissioner of the Indiana Department of Correction, the Superintendent of Indiana State Farm, and eleven other individuals, who apparently are either correctional officers or employees at ISF or IYC. All the defendants are sued in both their individual and official capacities. For reasons set forth above, the Eleventh Amendment would bar the claims for damages against the defendants in their official capacities, leaving us to decide only whether the individual capacity claims could survive a motion to dismiss.

■ The district court found that the statute of limitations would bar these claims, which allege the deprivation of the plaintiff's constitutional rights through actions that could not have occurred any later than May 3, 1988, the date on which he filed his habeas corpus motion. In considering the timeliness of a § 1983 action, the court shall look to the state's statute of limitations for personal injury actions, *Wilson v. Garcia,* 471 U.S. 261, 278, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985), in this case the two-year limitation found in Ind.Code § 34–1–2–2(1). *Loy v. Clamme,* 804 F.2d 405, 407–08 (7th Cir.1986). "[W]hen a federal court borrows a state statute of limitations for use in a federal question case the court is to use the federal rule on commencement, not the state rule." *Del Raine v. Carlson,* 826 F.2d 698, 706–707 (7th Cir.1987). *See also West v. Conrail,* 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). Fed.R.Civ.P. 3 provides that the filing of a complaint commences a civil action, and thus it is this act that tolls the running of the statute of limitations applicable to this action.[2] As the plaintiff did not file his pro-

---

**1.** The *defendants* acknowledge in their brief that an exhibit attached to the plaintiff's memorandum in support of the original habeas corpus petition indicates that Superintendent Richardson affirmed, in an administrative appeal, a disciplinary sanction against the plaintiff. We place little weight on this fact considering the plaintiff's allegations that his disciplinary proceedings in general were not impartial are, in the district court's words, "vague to the point of meaning-

less concerning what due process or other federally protected rights are implicated."

**2.** The Supreme Court in *West* held that "when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been 'commenced' in compliance with Rule 3 within the borrowed

posed amended complaint with the district court until September 18, 1990, over two years after the alleged constitutional violations, the statute of limitations bars his action against the putative defendants.

 The plaintiff contends that the statute of limitations does not bar his claims against the putative defendants because the proposed amended complaint relates back to the date of the original habeas corpus petition. In a federal-question case borrowing a state statute of limitations, federal law provides the requirements for the relation back of an amendment, while state law determines the more basic question of whether the substance of the amendment mandates that it relate back in order to avoid the applicable statute of limitations. *Diaz v. Shallbetter*, 984 F.2d 850, 853–54 (7th Cir.1993). Under Indiana law, after the statute of limitations has run, the plaintiff may add a new defendant only after demonstrating that the amendment relates back to the original complaint. *Hupp v. Hill*, 576 N.E.2d 1320, 1327 (Ind.App.1991).

Fed.R.Civ.P. 15(c) contains the federal standard for the relation back of an amended complaint, providing as follows:[3]

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be

prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

While the claims in the proposed amended complaint arise out of the same conduct set forth in the habeas corpus petition, for Rule 15(c) to apply, the thirteen putative defendants must have received actual notice of those claims within the period of limitations. "We have often stated that the consequence of allowing a plaintiff to add a defendant after the limitations period has run, where there has been no actual notice to the defendant, would unfairly prejudice the defendant by depriving him of the complete defense of the statute of limitations, and certainly prejudice his defense on the merits." *Williams*, 873 F.2d at 1073 (citations omitted).

 The plaintiff does not assert that the putative defendants received timely, actual notice of the § 1983 claims, but instead argues that the service of the habeas petition on the Attorney General, potentially counsel for both the original and putative defendants, constructively notified them of the action. The plaintiff technically waived this argument by failing to present it to the district court. However, even if he had preserved the issue, we conclude, as a matter of law, that the putative defendants' knowledge of the § 1983 action against them in their personal capacities can not be imputed from the service of process on the Attorney General in a drastically different type of action, the original habeas corpus proceeding. *See Gleason v. McBride*, 869 F.2d 688, 694 (2nd Cir.1989) (notice of action against municipality did not notify municipality's employees of

period." 481 U.S. at 39, 107 S.Ct. at 1541. The Court rejected the respondent's argument that state law should determine "commencement" of an action, reasoning that in borrowing the state statute of limitations, the federal court should "borrow no more than necessary." *Id.* at 39–40, 107 S.Ct. at 1542. To the extent, if at all, the Court recognized an exception requiring the application of state tolling requirements for § 1983 actions such as the instant one, *see id.* at 41 n. 6, 107 S.Ct. at 1542 n. 6, the application of Indiana law would not change the result in this case.

*Taylor v. Lewis*, 577 N.E.2d 986 (Ind.App.1991) (the filing of a complaint, not the service of process, commences an action and tolls the statute of limitations).

3. While Rule 15(c) was amended effective December 1, 1991, we held in *Diaz* that those amendments shall not be applied retroactively on appeal, 984 F.2d at 853, and thus we refer to the version of Rule 15(c) in effect at the time of the February 1991 decision by the district court.

possible inclusion as co-defendants, despite existence of shared counsel); *Moore v. Long,* 924 F.2d 586 (5th Cir.1991) (notice of § 1983 suit against court clerk not imputed to deputy clerk). Furthermore, even if we could impute knowledge from the Attorney General to the putative defendants, the plaintiff's general request for leave to amend the complaint to conform with § 1983, while possibly leading one to wonder if other defendants would be added, in no way conveyed to the Attorney General that the plaintiff intended to include the particular putative defendants, in either their official or individual capacities. *See, e.g., Doe v. Sullivan County, Tenn.,* 956 F.2d 545, 552 (6th Cir.1992) ("Although as jailers the three defendants reasonably could be expected to have known of the [§ 1983 suit based on a prison assault], this alone is insufficient to impute to them knowledge of their future status as defendants"). Consequently, we hold that the proposed amended complaint, if permitted, would not relate back to the date of the filing of the habeas corpus petition.

Finally, in requesting that we reverse the district court's dismissal of his case, the plaintiff relies heavily on the fact that he timely requested leave from the court to amend his complaint and that the statute of limitations expired while that motion was pending. In doing so, the plaintiff fails to recognize that he did not submit a proper request for leave to amend until after the statute of limitations had expired.

 All motions, including a proper request for leave to amend a complaint, must set forth with particularity the relief or order requested and the ground supporting the application. Fed.R.Civ.P. 7(b). In addressing the sufficiency of a motion for leave to amend, courts may require the submission of a copy of the proposed amended complaint, *Clayton v. White Hall School Dist.,* 778 F.2d 457, 460 (8th Cir.1985), although the motion itself may be acceptable so long as it puts the opposing party on notice of the content of the amendment. 6 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1485 (2d ed. 1990). As a party has no control over when a court renders its decision regarding the proposed amended complaint, the sub-mission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion. *Mayes v. AT & T Information Systems, Inc.,* 867 F.2d 1172 (8th Cir.1989) (per curiam); *Sheets v. Dziabis,* 738 F.Supp. 307, 313 (N.D.Ind.1990).

Here, before the expiration of the statute of limitations, the plaintiff's only action remotely related to the putative defendants was the submission of a request for leave to amend, stating: "That because the court has deemed it appropriate to construe Plaintiff's action under § 1983, Plaintiff would now seek to amend his original complaint to conform with the requirements of § 1983." This cursory motion fails to convey to the court or the defendants the plaintiff's intention to add thirteen new defendants and to change the nature of the claim from one for injunctive relief to one for damages. The plaintiff did not notify either the putative defendants or the court that he intended to add those claims until his submission of a proposed amended complaint on September 18, 1990. Even if the court allowed the proposed amendments, the plaintiff's action against the putative defendants would not commence until that date and, as a result, would be barred by the statute of limitations.

### III. *Conclusion*

The plaintiff's efforts to amend his complaint were futile because the Eleventh Amendment bars the damages claims against both the actual and the putative defendants in their official capacities, the statute of limitations bars the claims against the putative defendants in their individual capacities, and the proposed amended complaint failed to state a claim against Superintendent Richards in his individual capacity. Accordingly, we AFFIRM the district court's denial of the motion to amend and its dismissal of the case.