27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
S.I.G. FOOD SERVICES ASSOCIATES, an Illinois limited
partnership, S.I.G. Food Services, Inc., an Illinois
corporation, Chicago Diversified Foods Corp., an Illinois
corporation, Madison Diversified Foods, Inc., an Illinois
corporation, Anthony P. Basile, and William Landberg,
Plaintiffs-Appellants,
v.
Stephan MANN, Brad I. Markowitz, Nelson L. Stephanson, Avrom
Waxman, Quest Equities Corp., a New York
corporation, and Riverbank America, a
New York banking corporation,
Defendants-Appellees.
 No. 93-3267.
 United States Court of Appeals, Seventh Circuit.
 Argued May 10, 1994.
Decided June 14, 1994.
 
 Before ESCHBACH, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961 et seq., plaintiffs sued the defendants, seeking treble damages under 18 U.S.C. Sec. 1964(c). The district court dismissed their complaint for failing to allege a sufficient pattern of racketeering, and refused to exercise jurisdiction over plaintiffs' pendent state claims. Fed.R.Civ.P. 12(b)(6). Plaintiffs appeal. We affirm.
 
 
 2
 Because this comes to us as a dismissal for failure to state a claim, we review the district court's dismissal de novo, accepting as true plaintiffs' allegations in their complaint, and drawing all reasonable inferences from those facts in a light most favorable to the non-movant. McDonald v. Schencker, 18 F.3d 491, 494 (7th Cir.1994).
 
 
 3
 As the district court aptly stated, this is the "case of a major business deal gone seriously awry." See SIG Food Servs. Assocs. v. Mann, No. 92 C 2341, 1993 WL 336064, at * 9, 1993 U.S.Dist. LEXIS 11960, at * 25 (N.D.Ill. Aug. 26, 1993). This case revolves around defendant Riverbank's agreement to lend $15 million to plaintiffs' new company, S.I.G. Food Services Associates ("SFSA"), formed for the purpose of buying and operating Taco Bell and Sizzler restaurants. Riverbank ultimately reneged on half of its promised loan, and the defendants' efforts to extricate Riverbank from its remaining $7.5 million loan encompass the three frauds plaintiffs believe constitute a RICO violation. Specifically, the plaintiffs allege that the defendants breached their promise to transfer their ownership interests in SFSA to plaintiffs' for their efforts to find alternate financing; that the defendants illegally converted $1.4 million from a settlement paid to one of SFSA's operating companies; and that the defendants fraudulently schemed to liquidate another of SFSA's operating companies which had assumed Riverbank's loan. All of this, plaintiffs contend, constituted an actionable RICO claim.
 
 
 4
 The district court disagreed, as do we. Taking the plaintiffs' allegations as true, the district court conceded that defendants had defrauded the plaintiffs but concluded that there was no threat of future harm because plaintiffs had not proved a sufficient "pattern of continuing racketeering activity." There was nothing in the record which supported the notion that the defendants' scheme "exhibited certain patterns of doing business in which the defendants normally operate." See SIG Food Servs. Assocs., 1993 WL 336064, at * 9, 1993 U.S.Dist. LEXIS 11960, at * 25. On these grounds, the district court dismissed plaintiffs' complaint for failure to sufficiently allege a civil RICO claim.
 
 
 5
 As in all civil RICO actions, we must be careful to distinguish plain "garden-variety fraud" from a "pattern of racketeering activity" with sufficient continuity and relationship between the predicate acts to satisfy the RICO statute. Although we could engage in our own analysis of plaintiffs' allegations, after a review of the district court's well-written Memorandum Opinion and Order and the record in this case, we are convinced that our reasoning and ultimate conclusions would mirror that of the district court's. Therefore, we need not re-articulate the same analysis and results. Based on this Circuit's four-factor test for continuity and "pattern of racketeering activity" articulated in Morgan v. Bank of Waukegan, 804 F.2d 970, 975 (7th Cir.1986) ("Relevant factors include the number and variety of predicate acts and the length of time over which they were committed, the number of victims, the presence of separate schemes and the occurrence of distinct injuries."), and based on the Supreme Court's analysis in H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989) (holding that "pattern" requires a showing of a "threat of continuing activity" and that the thrust of RICO was to attack "long-term criminal conduct"), we agree that the district court properly dismissed plaintiffs' complaint.
 
 
 6
 Plaintiffs also argue that the district court erred when it did not grant them leave to re-plead their complaint a third time. They allege that in addition to the facts spelled out in their complaint, they now have "new" information relating to the fraudulent conversion of $1.4 million in the SRI settlement offer, and they inform us that Quest, a subsidiary of Riverbank, lost its suit to "extort" $100,000 from plaintiff Anthony Basile. These additional facts, plaintiffs urge, should afford them an opportunity to re-plead their complaint. We review a district court's denial of a motion for leave to re-plead or amend a complaint for abuse of discretion. Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir.1993). Here, the district court gave the defendants two opportunities to properly plead their complaint. The district court dismissed plaintiffs' original complaint for failure to comply with Fed.R.Civ.P. 8(a) and 9(b) and allowed them an opportunity to re-plead. At a briefing conference, the district judge warned plaintiffs that if their complaint were still deficient on the RICO claims he would dismiss it with prejudice. Therefore, it should have been no surprise to plaintiffs when, in light of the deficiency of their amended complaint, the district court dismissed it with prejudice. Plaintiffs' vague reference to "new" facts which they hope will allow them yet a third opportunity to re-plead is unavailing.[1] We see nothing in the plaintiffs' cryptic "new" facts which would change the ultimate result that plaintiffs cannot plead sufficient facts to state a claim under RICO.
 
 
 7
 The district court's dismissal is therefore AFFIRMED.
 
 
 
 [1]
 Indeed, with respect to Quest's failure to execute its claim against Basile, the "new" evidence seems to further substantiate both our and the district court's conclusion that this behavior is not likely to present a future threat