See also 874 F.Supp. 927.

**NBD BANK, N.A., Plaintiff–Petitioner,**

v.

**Donna D. BENNETT, in her official capacity as Acting Indiana Commissioner of Insurance, Defendant–Respondent.**

**No. IP94–862–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 27, 1994.

---

Peter J. Rusthoven, Barnes & Thornburg, Indianapolis, IN, for NBD Bank N.A.

Thomas H. Ristine, Ice Miller Donadio & Ryan, Indianapolis, IN, for amici curiae.

Terry G. Duga, Deputy Atty. Gen., Indianapolis, IN, for Donna D. Bennett.

David A. Winston, Nat. Assoc. of Life Underwriters, Washington, DC, for Indiana Ass'n of Life.

Jeffrey M. Yates, Independent Ins. Agents of America Inc., Alexandria, VA, for Independent Ins. Agents.

### ORDER ON MOTION TO DISMISS

SHIELDS, United States Magistrate Judge.

This cause is before the court on the defendant's Motion to Dismiss, the plaintiff's Brief in Opposition to Motion to Dismiss, and the defendant's Reply Brief. The court, being duly advised, **DENIES** the defendant's motion for the reasons set forth below.

### BACKGROUND

This action arose out of the application of plaintiff, NBD Bank, N.A., ("NBD") to the Indiana Commissioner of Insurance for a license to act as an insurance agent from its bank branch in Corydon, Indiana. The National Bank Act, 12 U.S.C. § 92 ("Section 92"), provides that a national bank located in a place with a population of no more than 5,000 may act as an insurance agent; Corydon is such a place.

After an administrative hearing, the Commissioner granted NBD an insurance agent's license. However, based on her interpretation of Section 92, the Commissioner geographically restricted that license, permitting NBD to sell insurance only "within the geographic boundaries of a town with a population of 5,000 or less in which it is located and doing business." Final Order Granting Limited Insurance Agent License to NBD Bank, N.A., at 3.

NBD filed this action against defendant Donna Bennett, in her official capacity as Acting Indiana Commissioner of Insurance, seeking declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983. Specifically, NBD seeks a declaration that the Commissioner's interpretation of Section 92 is incorrect, in that it does not require a geographic restriction on NBD's insurance agent license, and an injunction requiring the Commissioner to approve NBD's application to act as an insurance agent without the restriction.

### DISCUSSION

The Commissioner's motion to dismiss NBD's complaint attacks this court's jurisdiction on three independent grounds, each of which will be discussed separately below.

#### 1. *Younger* Abstention

■ The Commissioner first argues that this court must abstain from deciding NBD's claim under the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Abstention is proper, the Commissioner argues, because NBD is asking this court to "interfer[e] with an ongoing state administrative proceeding" which implicates "matters of important state interest." Commissioner's Brief at 9.

"[O]nly exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368, 109 S.Ct. 2506, 2518, 105 L.Ed.2d 298 (1989). The Seventh Circuit recently examined the issue of *Younger* abstention and expressly determined that " '*Younger* is confined to cases in which the federal plaintiff ha[s] engaged in conduct actually or arguably in violation of state law, thereby exposing himself to an enforcement proceeding in state court....' " *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir.1992) (quoting *Alleghany Corp. v. Haase*, 896 F.2d 1046, 1053 (7th Cir.1990), vacated as moot, 111 S.Ct. 1383). Such is not the case here; this case arises out of NBD's compliance with Indiana's requirement that all insurance

agents be licensed by the state. Therefore, under this clear Seventh Circuit precedent,[1] *Younger* abstention is not appropriate in this case.

### 2. Eleventh Amendment

■ The Commissioner next argues that this court does not have jurisdiction over this case because it is a "'suit brought by a private party against a state without its consent,'" prohibited by the Eleventh Amendment. Commissioner's Brief at 10 (quoting *Ford Motor Co. v. Department of Treasury of State of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945)).

The Eleventh Amendment provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

"Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984)). However, in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Court recognized an exception to Eleventh Amendment immunity and held that "a suit challenging the constitutionality of a state official's action in enforcing state law is not one against the State." *Id.* (citing *Young*, 209 U.S. at 159–60, 28 S.Ct. at 454). In addition, the Court in *Young* held that "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing viola-

tion of federal law." *Id.* (citing *Young*, 209 U.S. at 155–56, 159, 28 S.Ct. at 452, 454); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, —— U.S. ——, ——, 113 S.Ct. 684, 688, 121 L.Ed.2d 605 (1993).

This case falls under the exception carved by *Young*. NBD has brought this action against Donna D. Bennett, in her official capacity as Acting Commissioner of Insurance, alleging that she has violated federal law, Section 92, by imposing a geographic restriction on NBD's insurance agent license. This violation, NBD alleges, has denied it a right and privilege secured by Section 92, and will continue to do so as long as the restriction remains. NBD seeks prospective injunctive relief from this court to prohibit the Commissioner from imposing the restriction; in other words, NBD seeks "prospective injunctive relief [against a state official] to prevent a continuing violation of federal law," precisely the type of case to which the *Young* exception applies.

The Commissioner cites *Moore v. State of Indiana*, 999 F.2d 1125 (7th Cir.1993), in support of her argument that she is entitled to Eleventh Amendment immunity. *Moore* is not analogous, however. The plaintiff in *Moore* originally filed suit against the State of Indiana, the Indiana Department of Corrections, and the superintendent of the prison in his official capacity, seeking restoration of "good time" credits that he alleged were unconstitutionally taken from him, thereby extending his prison term. Moore was released from prison while his suit was pending, rendering his request for his good time credits moot. Thereafter, Moore attempted to amend his complaint to include a prayer for damages and to add additional state officials, in their individual and official capacities, as defendants. The Seventh Circuit upheld the district court's order denying Moore leave to amend his complaint, holding, in

---

1. The Commissioner urges us to disregard *Alleghany Corp.*, which was vacated by the Supreme Court as moot, in favor of two Eight Circuit cases which arose out of the same factual situation as *Alleghany Corp.* and in which the court determined *Younger* abstention was appropriate. However, the Seventh Circuit expressly found in *Hinrichs* that "[i]t is apparent that mootness was the grounds for vacating *Alleghany* because of the question presented for certiorari.... For

this reason, there is no reason to discount the reasoning in that case," 975 F.2d 1329, 1332 n. 7, and then proceeded to apply the *Alleghany* rule. In light of *Hinrichs*, the Commissioner's argument that "the reasoning in [*Alleghany*] has not been set in stone" and that this court should "follow the reasoning of the Eighth Circuit, ignore the vacated opinion in [*Alleghany*], and abstain from hearing this case" is not convincing.

part, that Moore's claim for damages against the state and its officials in their official capacities would be barred by the Eleventh Amendment. The court's holding in *Moore*, therefore, did not involve any claims for prospective injunctive relief against state officials in their official capacity, only claims for damages, which do not fall under the *Young* exception.

The Commissioner is correct in arguing that even a suit seeking only injunctive relief is barred if it is in reality a suit against the state and not the named state official. Commissioner's Brief at 11 (citing *Cory v. White*, 457 U.S. 85, 90, 102 S.Ct. 2325, 2328, 72 L.Ed.2d 694 (1982)). In *Cory*, the action actually was an action against the state and outside the scope of the *Young* exception because the plaintiffs were seeking to enjoin the defendant state officials from performing their duties under state law, or, in other words, to enjoin sanctioned state action, and no violation of federal law was involved. The Court reiterated the rule that " 'generally, suits to restrain action of state officials can, consistently with the constitutional provisions, be prosecuted only when the action sought to be restrained is without the authority of state law or contravenes the statutes or Constitution of the United States.' " *Cory*, 457 U.S. at 89, 102 S.Ct. at 2328 (citation omitted). Here, NBD alleges that the Commissioner acted in violation of federal law; thus, this action is not a disguised action against the state, and it falls squarely within the category of permissible actions under the Eleventh Amendment and *Young*.

3. NBD's Claim Under 42 U.S.C. § 1983

■ The Commissioner's final argument is that NBD's claim under 42 U.S.C. § 1983 must be dismissed because the Commissioner was acting in a judicial capacity and is therefore entitled to absolute judicial immunity. This argument is without merit under the explicit holding of the Supreme Court in *Pulliam v. Allen*, 466 U.S. 522, 541, 104 S.Ct. 1970, 1980, 80 L.Ed.2d 565 (1984), that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer act-

---

2. We assume, without deciding, that the Commissioner was acting in a judicial capacity when

ing in her judicial capacity." [2] In fact, the Court in *Pulliam* further held that attorney fees may be awarded to prevailing plaintiffs in such actions. NBD's claim under 42 U.S.C. § 1983 is not subject to dismissal on the basis of judicial immunity.

### CONCLUSION

For the reasons stated above, the Commissioner's Motion to Dismiss is **DENIED**.

---

she awarded NBD its insurance agent license.