70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rufus KILLEN, Plaintiff-Appellant,
v.
Daniel R. MCBRIDE, Andy Pazera, and Hugh Vales, Defendants-Appellees.
 No. 94-4020.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1995.*
Decided Nov. 14, 1995.
 
 Before CUMMINGS, KANNE, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Rufus Killen, an Indiana state prisoner, brought a suit pro se under 42 U.S.C. Sec. 1983 against three prison officials charging that the conditions of his confinement constituted cruel and unusual punishment in violation of the Eighth Amendment. Killen's amended complaint sued these officials in their personal and official capacities. He now appeals from the district court's order granting summary judgment for the defendants. We affirm.
 
 
 2
 We review the district court's grant of summary judgment de novo. Williams v. O'Leary, 55 F.3d 320, 322 (7th Cir.1995), petition for cert. filed, (U.S. Aug. 23, 1995) (No. 95-6090). Summary judgment is appropriate when the pleadings, admissions, and affidavits show that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When the nonmoving party bears the burden of proof on a dispositive issue, he cannot merely rest on the pleadings; He must present specific facts showing a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148-49 (7th Cir.1994). In determining the existence of material facts, the court must draw all reasonable inferences in the nonmoving party's favor. Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991). "Summary judgment will not be defeated simply because motive or intent [is] involved." Roger, 21 F.3d at 148-49 (quoting Morgan v. Harris Trust & Sav. Bank, 867 F.2d 1023, 1026 (7th Cir.1989)). "If a plaintiff fails to establish any motive or intent to support his position, summary judgment is appropriate." Id.
 
 
 3
 While incarcerated in the segregation unit of the Westville Correctional Center ("Westville"),[1] Killen stabbed another inmate who was being escorted past Killen's cell. After the prison disciplinary board found he violated the prison regulation prohibiting battery, and after he made threats against prison staff, Killen was moved to a cell with a plastic shield across the front. Confinement in this cell, commonly known as the "bubble cell," made it impossible for Killen to reach through the bars to stab or to throw objects at other inmates or prison staff. Killen attacked the constitutionality of his placement in this bubble cell, claiming it was cruel and unusual punishment, because of alleged cooling and ventilation problems. He claimed that Eighth Amendment violations occurred when correctional officer Vales placed him in the bubble cell, and when superintendent McBride allowed (or failed to prevent) this alleged unconstitutional confinement. In response to these complaints, Pazera filed an affidavit stating that the bubble cell was designed to provide adequate ventilation and that it was used to prevent plaintiff from assaulting others. Killen's affidavit stated that the temperature in the bubble cell "remained at least 110 degrees."
 
 
 4
 Killen also complained about the conditions in the general segregation unit in which he was housed other than the eight days he spent in the bubble cell. According to Killen, the segregation complex director, Pazera, allowed unsanitary conditions as the unit was infested with mice and insects. Although Killen did not allege that Pazera directly caused the unsanitary conditions, he claimed that Pazera failed to respond to numerous grievances Killen filed about these prison conditions. In support of the motion for summary judgment, Pazera stated that he was unaware of any infestation problems since Westville maintained an aggressive extermination program through a contract with an outside pest control firm.[2] (R. at 44, Aff. at 3).
 
 
 5
 A suit against a government employee in his official capacity is the same as a suit against the government entity itself. Jackson v. Marion County, 66 F.3d 151, 152 (7th Cir.1995); Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir.1983) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n. 55 (1978)). As state prison employees, the defendants are considered state agents and thus plaintiff's claims for monetary damages against the defendants in their official capacity are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir.1993).
 
 
 6
 Prison officials have a duty to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). This duty is limited, however, since the Constitution "does not mandate comfortable prisons" and conditions imposed on prisoners may be "restrictive and even harsh." Id. (quoting Rhodes v. Chapman, 452 U.S. 337 (1981)). Thus, in order for an inmate to prove an Eighth Amendment violation, the inmate must demonstrate that the official was "deliberately indifferent" to his health or safety. Id. at 1979; Del Raine v. Williford, 32 F.3d 1024, 1036 (7th Cir.1994). Negligence does not constitute deliberate indifference. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir.1994) (citing Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985)). Deliberate indifferences exists only when the defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 114 S.Ct. at 1979 (construing Estelle v. Chapman, 429 U.S. 97 (1976)).
 
 
 7
 First, we consider Killen's claims against McBride and Vales based on Killen's placement in the bubble cell. We note that Pazera's affidavit, stating that the bubble cell was "designed to provide adequate ventilation," does not directly counter Killen's affidavit that the cell is unbearably hot. But a genuine issue of material fact sufficient to preclude summary judgment is not created even if Killen is correct. Assuming the bubble cell is indeed too hot, there is no demonstration that either McBride or Vales were deliberately indifferent to the conditions within the cell. Killen does not allege that McBride or Vales knew the temperature within the bubble cell or that they consciously disregarded a known harm when they placed Killen within this cell. To survive summary judgment, Killen must show that in imposing this punishment that McBride and Vales knowingly disregarded a known harm; constructive notice does not satisfy the deliberate indifference standard. Farmer, 114 S.Ct. at 1977; Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 788 (7th Cir.1995). Therefore, even if Killen established the existence of unhealthful conditions, he failed to satisfy the burden of establishing a sufficiently culpable mental state of each defendant. Roger, 21 F.3d at 148-49. Thus, Killen's claim is not actionable under the Eighth Amendment. Id.; Sellers, 41 F.3d at 1102.
 
 
 8
 Plaintiff has also failed to demonstrate that Pazera acted with "deliberate indifference" or showed the existence of a material issue of fact on this issue. Farmer, U.S. at 1979. Plaintiff admits that his cell was sprayed for mice and insects. Pazera's unrefuted affidavit states that Westville maintained an aggressive rodent extermination program with a pest control service. Such facts belie the required conclusion that defendant Pazera intentionally or recklessly was deliberately indifferent to the conditions of plaintiff's confinement.
 
 
 9
 Given that we find no Eighth Amendment violation, there is no need to comment on whether plaintiff established personal involvement on behalf of the defendants. See Moore, 999 F.2d at 1128 (noting that Sec. 1983 requires plaintiffs to establish that the defendants were personally responsible for the claimed deprivation of constitutional rights). Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statements were filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although Killen is now housed at the Wabash Valley Correctional Institution in Carlisle, Indiana, his claims pertain to alleged violations of his constitutional rights while he was a state prisoner at Westville. Because Killen no longer resides at Westville, his claims for injunctive relief are moot. Williams, 55 F.3d at 324 (equitable claim based on deliberate indifference to medical care rendered moot when prisoner recovered from illness)
 
 
 [2]
 In his complaint, Killen also listed other allegedly unconstitutional conditions. However, Killen failed to counter Pazera's affidavit stating that segregation unit offenders like plaintiff are allowed an opportunity to shower and change their clothing three times a week, that offenders have regular access to medical, dental or emergency services, that offenders are afforded an opportunity to clean their cells on a daily basis, that a housekeeper cleans an inmate's regular cell if he is in the bubble cell, and that toilets are flushed within two minutes of a request