**James Darnell GOLDEN, Plaintiff,**

v.

**Gary R. McCAUGHTRY and Cindy O'Donnell, Defendants.**

No. 95–C–1248.

United States District Court, E.D. Wisconsin.

Dec. 27, 1995.

James Darnell Golden, Waupun, WI, Pro Se.

No appearance, for Defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff, James Golden, currently incarcerated at the Waupun correctional institution, has filed a 42 U.S.C. § 1983 action against the above-captioned defendants. The plaintiff's complaint is accompanied by a petition for leave to proceed in forma pauperis, which will be granted for the reasons set forth below.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Golden's pro se allegations a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir.1992), *cert. denied*, 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

In the plaintiff's affidavit of indigence, he states that he is presently unemployed and that he has received $20 in the past year from his parents and brother. Mr. Golden claims that he owns no real estate or other valuable property. The certificate attached to Mr. Golden's affidavit of indigence discloses that he has a negative balance in his prison trust account. I believe that the plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the costs of commencing this action.

The plaintiff must next demonstrate that his action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1732, 118 L.Ed.2d 340 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir.1993).

In his complaint, the plaintiff alleges that the defendants have implemented a policy at the Waupun correctional institution whereby cassette tapes marked "parental advisory-explicit lyrics" are previewed by prison officials prior to permitting inmates to receive such tapes through the mail. Tapes which "advocate violence" are banned. Mr. Golden alleges that cassette tapes sent to the prison which are not approved for receipt by inmates are held for thirty days. During the thirty-day period, inmates are permitted to "send contraband items home." The plaintiff claims that prohibited tapes are destroyed at the end of the thirty-day period if the inmate does not take any action.

Although it is somewhat difficult to discern from his complaint, it appears that Mr. Golden is challenging actions taken by the defendants with respect to an order he placed for a rap music cassette tape. Apparently, the plaintiff was not permitted to receive the tape. Mr. Golden asserts that there is no justification for the previews of and bans on cassette tapes. He also contends that the defendants failed to follow state regulations.

As relief, Mr. Golden requests a declaratory judgment stating that the defendants have violated his state and federal rights. He also requests compensatory damages in the amount of $25,000 from each defendant and $100 in punitive damages against each defendant. The plaintiff states that "all claims are made against the defendants in both their official as well as personal capacities."

Claims asserted against state officials in their official capacities are, in effect, claims against the state. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985). Claims for monetary damages against a state are barred by the Eleventh Amendment, absent a waiver of immunity by the state. *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir.1993). Consequently, to the extent that Mr. Golden is seeking monetary damages from the defendants in their official capacities, his claims are barred by the Eleventh Amendment.

To the extent that Mr. Golden is asserting that the defendants failed to follow state regulations, his allegations fail to rise to the level of a constitutional violation. A violation of state law is not itself a violation of the Constitution. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989).

However, liberally construing his complaint, Mr. Golden asserts claims under the First and Fourteenth amendments. Rap music constitutes speech protected by the First Amendment. *Betts v. McCaughtry*, 827 F.Supp. 1400, 1406 (W.D.Wis.1993), *aff'd*, 19 F.3d 21 (7th Cir.1994). An arbitrary denial of access to published materials may violate an inmate's First Amendment rights. *Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir.), *cert. denied*, 488 U.S. 863, 109 S.Ct. 162, 102 L.Ed.2d 133 (1988). An inmate may assert a claim under the due process clause based on an alleged deprivation of his property without due process of law. *Caldwell v. Miller*, 790 F.2d 589, 608 (7th Cir.1986).

In my opinion, Mr. Golden's complaint states an arguable claim for relief. Therefore, his petition for leave to proceed in forma pauperis will be granted.

The United States Marshal will be directed to serve upon Mr. McCaughtry and Ms. O'Donnell a copy of the complaint, the summons and this order, in accordance with 28 U.S.C. § 1915(c) and Rule 4, Federal Rules of Civil Procedure. However, the plaintiff is reminded that he is required under Rule 5(a), Federal Rules of Civil Procedure, to serve upon Mr. McCaughtry and Ms. O'Donnell, or if an appearance is entered by counsel, upon counsel, a copy of *every* pleading, motion or other document that he files with the court. He also should retain a copy of each document for his own files. If he does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents. In addition, he is obligated to demonstrate that he has complied with the service requirements by filing a certificate of service with his papers. *See* Rule 5(d), Federal Rules of Civil Procedure. Failure to comply with these instructions may result in the court's disregarding such motions, pleadings or other papers.

### ORDER

Therefore, IT IS ORDERED that the plaintiff's petition for leave to proceed in forma pauperis be and hereby is granted to the extent recited above.

IT IS ALSO ORDERED that, pursuant to 28 U.S.C. § 1915(c) and Rule 4(c), Federal Rules of Civil Procedure, the United States Marshal be and hereby is directed to serve a copy of the complaint, the summons and this order upon Mr. McCaughtry and Ms. O'Donnell.