108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Steven BROWN, Plaintiff-Appellant,
v.
Mary HARDY-HALL and Cheri Laurent, Defendants-Appellees.
 No. 96-1771.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1997.*
Decided March 18, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant Steven Brown, a state prisoner, filed this action under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights. He alleged that while incarcerated at Big Muddy Correctional Center (Big Muddy) the appellees acted with deliberate indifference when they failed to attend to his serious medical needs. Appellees, Mary Hardy-Hall and Cheri Laurent, Warden and Health Care Unit (HCU) Administrator of Big Muddy respectively, moved the district court for summary judgment. Based on a report and recommendation filed by a magistrate judge, the district court granted summary judgment in favor of the defendants. Brown appeals.
 
 
 2
 Brown claims that in June 1993 he began experiencing dizziness and requested to see a physician. Over the next year and a half, according to Brown's medical progress notes, he was frequently treated by a doctor, psychiatrist, or other HCU employees. The majority of these treatments aimed to relieve Brown's continued dizziness. Dr. Adams of Big Muddy treated Brown with various medications. After Brown was transferred to Menard Correctional Facility, Dr. Price determined that there was no purpose for continuing to prescribe medication.
 
 
 3
 According to the affidavits submitted in support of the motion for summary judgment, Hardy-Hall and Laurent neither had personal contact with Brown concerning his medical problems, nor supervised the medical care that he received. In addition, Brown did not present evidence that the appellees were directly involved in his medical treatment. Due to their lack of personal involvement with Brown's medical treatment, the district court granted summary judgment in favor of the defendants. The district court also concluded that the evidence did not demonstrate an Eighth Amendment violation.
 
 
 4
 On appeal, Brown contends that he did not receive proper medical treatment, constituting deliberate indifference to his serious medical needs. However, Brown does not present evidence that the appellees had personal involvement and are as such liable.
 
 
 5
 Summary judgment is proper where the pleadings, depositions, affidavits, and admissions on file show there is no genuine issue of material fact. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). We review the district court's judgment de novo, drawing all facts and inferences in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, if the nonmoving party bears the burden of establishing an element at trial, he cannot merely rest on the pleadings, but must present specific facts to establish the presence of a genuine issue of material fact. Celotex, 477 U.S. 324-25; Duane v. Lane, 959 F.2d 673, 675 (7th Cir.1992).
 
 
 6
 A prison official is deliberately indifferent to a prisoner's health only if the official "knows of and disregards an excessive risk to inmate health or safety." Vance v. Peters, 97 F.3d 987, 992 (7th Cir.1996) (citing Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994)). However, a supervisory official cannot be held liable in a § 1983 action unless she had a direct, personal involvement in the alleged constitutional deprivation. See Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir.1993). The personal involvement requirement is met when a prison official acts in deliberate disregard of the plaintiff's constitutional right, or the constitutional deprivation occurs at the official's direction or with her consent or knowledge. Black v. Lane, 22 F.3d 1395, 1401 (7th Cir.1994).
 
 
 7
 After examining the record in a light most favorable to Brown, we conclude that Brown has not carried his burden of establishing that there is a genuine issue of material fact with respect to the appellees' personal involvement. Brown fails to set forth specific facts of the appellees' personal involvement, i.e., that the appellees acted in deliberate disregard or with consent or knowledge of the alleged constitutional deprivations. Thus, we conclude that the district court properly ruled that defendants were entitled to summary judgment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The appellees in this case filed a Notice of Intent Not to File a Brief. This court subsequently ordered that this appeal be submitted for decision without the filing of a brief by the appellees and without oral argument pursuant to Circuit Rule 31. Accordingly, the appeal is submitted on the appellant's brief and the record