**UNITED STATES of America,
Plaintiff,**

v.

**Larry KATZ, et al., Defendants.**

No. 3:05CV058.

United States District Court,
S.D. Ohio,
Western Division.

March 27, 2006.

Deborah M. Reyher, Thomas A. Benson, Joseph W. C. Warren, U.S. Department Of Justice Environmental Enforcement Section, Washington DC, Patrick Dennis Quinn, United States Attorney's Office - 3, Dayton, OH, Thomas L. Sansonetti, Assistant Attorney General Environment And Natural Resources Div. United States Department Of Justice, Washington, DC, for Plaintiffs.

Martin Harry Lewis, Tucker Ellis & West LLP, Cleveland, OH, Matthew Yackshaw, Day Ketterer Raley Wright & Rybolt, Canton, OH, John A. Coppeler, Flynn, PY & Kruse LPA, Port Clinton, OH, for Defendants.

DECISION AND ENTRY OVERRULING MOTION TO DISMISS (DOC. # 9), FILED BY DEFENDANTS LARRY KATZ, BEST RENTALS LLC, BEST RENTALS LLC 1–50, AND COLUMBUS RECYCLING LLC

RICE, District Judge.

The Government has brought this litigation, setting forth claims under the Feder-

al Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3001, *et seq,* and the Federal Priority Act ("FPA"), 31 U.S.C. § 3713, against, among others, Larry Katz ("Katz"), Best Rentals LLC ("Best"), Best Rentals LLC 1–50 ("Rentals LLC 1–50") and Columbus Recycling LLC ("Recycling").[1] This lawsuit is related to *United States v. Atlas Lederer Co.,* 3:91cv309 (*"Atlas Lederer"*), an action which the Government initiated under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.,* in order to recover the costs it has incurred in the cleanup of the United Scrap Lead Company Superfund Site in Troy, Ohio. In *Atlas Lederer,* the Government is attempting to recover those costs from, *inter alia,* Caldwell Iron & Metal ("Caldwell") and Katz, Caldwell's general partner.

The Government has brought this lawsuit, alleging in its Amended Complaint that Katz acquired 50 rental properties between 1983 and 1994, which, in 1998, had a net value exceeding $1 million. Doc. # 7 at ¶ 38. In 1980, Katz acquired a sole proprietorship named Columbus Recycling, which was valued at nearly $100,000, in 1998. *Id.* at ¶ 39. In July, 1998, Katz transferred that sole proprietorship to Recycling and each of the rental properties to one of the LLC's which comprise Rentals LLC 1–50. *Id.* at ¶ 41. Although Katz contributed 100% of the value to each of those LLC's, he owns only 25% of each. *Id.* at ¶¶ 42 and 45. His spouse owns 25% of each of them, and a trust created for the benefit of his children owns the other 50% of each LLC. *Id.* Similarly, Katz, who contributed all of the value to Recycling, owns

only a 25% share, while the trust he created for the benefit of his children owns the other 75%. *Id.* at ¶¶ 43 and 45. As a consequence, Katz only receives 25% of the income generated by Rentals LLC 1–50 and Recycling. *Id.* at ¶ 45. The Government also contends that Katz has become insolvent. *Id.* at ¶ 46.

The Government has set forth three claims against Katz and the related entities. With its First Claim for Relief, the Government alleges that the transfer of property from Katz to Rentals LLC 1–50 and to Recycling constituted fraudulent conveyances, in violation of the FDCPA, because Katz did not receive reasonably equivalent value in exchange, he was insolvent at the time of the transfer, and because the transfers were made with the intent to hinder, delay or deceive to Government. *Id.* at ¶¶ 108–109. The Government requests that liability be imposed upon Katz, Rentals LLC 1–50 and Recycling for the amount of the transfers. *Id.* at ¶ 111. The Government bases its First Claim for Relief on 28 U.S.C. § 3304(a)(1) and (b)(1)(A) and (B). *Id.* at ¶¶ 108–110. With its Second Claim for Relief, the Government alleges that Katz and Rentals LLC 1–50 are liable to it under the FPA, as a result of the transfers to the LLC's which comprise Rentals LLC 1–50. *Id.* at ¶¶ 112–118. With its Third Claim for Relief, the Government sets forth a similar claim under the FPA against Katz and Recycling, as a result of the transfer to the latter. *Id.* at ¶¶ 119–121.

This case is now before the Court on the Motion to Dismiss (Doc. # 9), filed by Katz, Best, Rentals LLC 1–50 and Recy-

---

**1.** In its Amended Complaint, the Government alleges that Rentals LLC 1–50 is comprised of 50 limited liability companies and that Recycling and Best are also limited liability companies. *See* Doc. # 7 at ¶¶ 11–13. Rentals LLC 1–50 and Recycling are alleged to be managed by Best, while Rentals LLC 1–50, Recycling and Best are all alleged to be controlled and managed by Katz. *Id.* The roles of Rentals LLC 1–50 and Recycling are discussed in more detail in the text below.

cling (collectively "Moving Defendants").[2] Therein, the Moving Defendants argue that the Court must dismiss the Government's claims against them, because those claims are barred by the applicable statute of limitation. In their memoranda (Docs. ## 9, 12 and 14), the parties have focused exclusively upon the question of whether the Government's claim under the FDCPA, its First Claim for Relief, is barred by the statute of limitations. For reasons which follow, the Court concludes that it is not and, therefore, overrules the Moving Defendants' Motion to Dismiss (Doc. # 9).

The section of FDCPA which sets forth the causes of action upon which the Government relies herein also contains its own statute of limitations. That section provides:

> (a) *In general.*—In an action or proceeding under this subchapter for relief against a transfer or obligation, the United States, subject to section 3307 and to applicable principles of equity and in accordance with the Federal Rules of Civil Procedure, may obtain—
>
> > (1) avoidance of the transfer or obligation to the extent necessary to satisfy the debt to the United States;
> >
> > (2) a remedy under this chapter against the asset transferred or other property of the transferee; or
> >
> > (3) any other relief the circumstances may require.
>
> (b) *Limitation.*—A claim for relief with respect to a fraudulent transfer or obligation under this subchapter is extinguished unless action is brought—
>
> > (1) under section 3304(b)(1)(A) within 6 years after the transfer was made or

the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant;

> > (2) under subsection (a)(1) or (b)(1)(B) of section 3304 within 6 years after the transfer was made or the obligation was incurred; or
> >
> > (3) under section 3304(a)(2) within 2 years after the transfer was made or the obligation was incurred.

28 U.S.C. § 3304. Herein, the Government has not set forth a claim under § 3304(a)(2), nor has it argued that it could not have discovered the transfers upon which its First Claim for Relief is based. Therefore, the statute of limitations ran six years after the transfers, which the Government alleges occurred on July 1, 1998. Given that the Government initiated this action on February 9, 2005,[3] more than six years and seven months after the date upon which the transfers were alleged to have occurred, the Government's claim under the FDCPA is seemingly barred by the statute of limitations, § 3304(b). However, the Government argues that this limitations period was tolled for a time and that, therefore, this action is not so barred.

This litigation is not the Government's first attempt to recover under the FDCPA from Katz, Rentals LLC 1–50 and Recycling. On January 28, 2004, the Government sought leave from this Court to amend in *Atlas Lederer,* in order to assert claims under the FDCPA and FPA against Katz, and to join Best, Rentals LLC 1–50 and Recycling as Defendants to those claims. *See* Doc. # 593 in Case No. 3:91cv309. The Court denied that request in its Decision of July 14, 2005. *See* Doc.

---

2. Defendant Saul Senser has also filed a Motion to Dismiss (Doc. # 11), which the Court rules upon by separate Entry.

3. The claims against Katz, Recycling and Rentals LLC 1–50, which are described above, were set forth in the Government's initial Complaint (Doc. # 1).

**644**

# 635 in Case No. 3:91cv309. The Government argues that the statute of limitations was tolled by its request in *Atlas Lederer* to assert the claims that it has pled in this litigation.

Federal courts have uniformly held that a claim set forth in an amended pleading is timely under the applicable statute of limitations, if the motion for leave to amend was filed before the statute of limitations had run. *See e. g., Moore v. State of Ind.,* 999 F.2d 1125, 1131 (7th Cir.1993); *Mayes v. AT&T Info. Sys., Inc.,* 867 F.2d 1172 (8th Cir.1989); *Estate of Bing v. City of Whitehall, Ohio,* 373 F.Supp.2d 770, 787–88 (S.D.Ohio 2005); *United States v. City of Toledo,* 867 F.Supp. 603, 610 (N.D.Ohio 1994). Those decisions all involved instances in which a court concluded that a claim was not barred by the applicable statute of limitations, even though the amended pleading setting forth that claim had been filed after the limitations period had run, because the request for leave to amend had been filed, *in the same lawsuit,* before the running of the statute of limitations. Thus, if this Court had sustained the Government's request for leave to amend in *Atlas Lederer* on July 14, 2005, rather than overruling same, its claim under the FDCPA would have been timely, even though the pleading which included the Government's claim under that statute would not have been filed until more than a year after the applicable statute of limitations had run.

However, this litigation presents a unique set of circumstances, since this Court denied the Government's request for leave to amend to assert its claim under the FDCPA in *Atlas Lederer.* In other words, the dispute concerning the statute of limitations defense arises where a claim has been asserted in untimely fashion in a second lawsuit, after leave to amend was denied in a prior case, rather than the claim being asserted in untimely fashion in the same lawsuit, after leave to amend has been granted. That distinction does not, however, cause this Court to conclude that the Government's claim under the FDCPA is barred by the statute of limitations.[4] Courts have held that the filing of a motion for leave to amend tolls the running of the statute of limitations, so that a pleading is deemed to be timely, even though it has been filed after the running of the statute of limitations. *Moore, supra; Estate of Bing, supra.* There is simply no reason why the statute of limitations should be tolled during the pendency of a motion for leave to amend, which is ultimately granted, and not be tolled when such a motion is ultimately denied. It bears emphasis that the Government brought this litigation, before this Court had ruled on its request for leave to amend in *Atlas Lederer.* In addition, given that the Government requested leave to amend in *Atlas Lederer* on January 28, 2004, within the six-year statute of limitations period, the Moving Defendants received notice that the Government intended to pursue its claim against them under the FDCPA, before the statute of limitations for its claim under that statute ran on or about July 1, 2004.

Based upon the foregoing, the Court overrules Motion to Dismiss (Doc. # 9), filed by Katz, Best, Rentals LLC 1–50 and Recycling.

---

**4.** The parties have not cited, nor has research found any decision in which a federal court has addressed the statute of limitations under the circumstances presented herein, i.e., a timely motion to amend is denied in one lawsuit, resulting in the claim being set forth in untimely fashion in a second civil action.