Robert E. MEADOWS and Cecil Smith,
Plaintiffs–Appellants,

v.

The STATE OF INDIANA, et al.,
Defendants–Appellees.

No. 87–2212.

United States Court of Appeals,
Seventh Circuit.

Argued April 14, 1988.

Decided Aug. 23, 1988.

Stuart T. Bench, Indianapolis, Ind., for plaintiffs-appellants.

Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before WOOD, Jr., COFFEY and EASTERBROOK, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiffs Colonel Robert E. Meadows and Chief Warrant Officer Cecil Smith, two former members of the Indiana National Guard, filed this action pursuant to 42 U.S. C. § 1983, claiming that the defendants deprived them of property and liberty interests without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The defendants are the State of Indiana; Robert Orr, Governor of the State of Indiana and Commander in Chief of the Indiana National Guard; the Indiana National Guard; and Major General Alfred Ahner, Adjutant General and Commander of the Indiana National Guard.

The district court found jurisdiction and resolved the case on its merits, granting summary judgment in favor of the defendants. In the district court, the defendants moved that the court dismiss the plaintiffs' complaint, or in the alternative grant summary judgment for the defendants, on the basis that the suit was barred by the Eleventh Amendment. The district court did not rule on the Eleventh Amendment defense. We find, however, that the Eleventh Amendment bars this suit and therefore we do not reach the merits.

We need only briefly review the underlying facts. Each of the plaintiffs had been ordered to full-time active duty with the Indiana National Guard for a period of two years. Before their respective two-year terms had expired, Major General Ahner, upon receipt of allegations of misconduct concerning both plaintiffs, appointed a board of officers to investigate the allegations and to recommend appropriate action. The board, after conducting hearings at which each plaintiff was represented by counsel, concluded and recommended that the plaintiffs be relieved of further active duty and their membership be terminated in the Indiana National Guard. Major General Ahner responded by releasing the plaintiffs from full-time active duty, allowing them to remain members of the Indiana

National Guard on a part-time status. At about the same time, a Selective Retention Board was formed under Guard regulations to consider the retention value of 165 officers and warrant officers with the rank of colonel or below who had twenty years of qualified service for retirement pay. Ten officers, including the plaintiffs, were not recommended for retention and were given honorable discharges and transferred into the United States Army Reserve Control Group.

The plaintiffs then applied to the Army Board for Correction of Military Records. That board found that, at the time of their forced discharges, the plaintiffs were under federal control and thus were not subject to release by state authorities. The board voided the plaintiffs' release from active duty, corrected the plaintiffs' records to show that each had completed his two-year term of duty, and awarded each plaintiff full back pay for that period. In their section 1983 action, the plaintiffs each seek compensatory damages and $600,000 in punitive damages, in addition to various forms of retroactive relief.

■ The federal courts do not have jurisdiction over this case by reason of the Eleventh Amendment. That amendment[1] expressly bars suits against state governments by citizens of other states or foreign nationals.[2] The Supreme Court has interpreted the Eleventh Amendment to bar suits as well by citizens against their own state government. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Thus, the Eleventh Amendment is applicable to the plaintiffs even though both are residents of Indiana and not another state.

■ The jurisdictional bar of the Eleventh Amendment also encompasses all of the defendants. The amendment specifically bars official-capacity suits against state officials because the state is the real party in interest in such suits. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). In opposing the defendants' motion before the district court asserting their Eleventh Amendment defense, the plaintiffs raised the question of whether Governor Orr and Major General Ahner were immune from suit in their personal capacities. The amended complaint does not clearly indicate whether those officials are being sued in their personal or official capacities. We have held that "where a complaint alleges that the conduct of a public official acting under color of state law gives rise to liability under Section 1983, we will ordinarily assume that he has been sued in his official capacity and only in that capacity." *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir.1985). If a plaintiff seeks to sue public officials in their personal capacities or in both their personal and official capacities, the plaintiff should expressly state so in the complaint. *Id.* at 568–69. We need make no assumptions about the capacities in which these defendants were sued, however, because counsel for the plaintiffs forthrightly conceded at oral argument that no basis existed for a personal-capacity suit against the state officials. Thus, the nature of the relief sought by the plaintiffs, damages and other forms of retroactive relief against the state and its officers in their official capacities, comes within the prohibition of the Eleventh Amendment. *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425, 88 L.Ed.2d 371 (1985); *Edelman v. Jordan*, 415 U.S. at 668–71; *Darryl H. v. Coler*, 801 F.2d 893, 906–07 (7th Cir.1986).

The State of Indiana has not waived the Eleventh Amendment immunity that it and its officers, in their official capacities, enjoy. The state has not consented to this suit. Nor have the plaintiffs alleged implied waiver by the state or any other ex-

---

1. The Eleventh Amendment provides:
    The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

2. For a good general review of the background and development of the Eleventh Amendment, see J. Nowak, R. Rotunda & J. Young, Constitutional Law 52–61 (2d ed. 1983).

ception[3] that would permit this case to escape the bar of the Eleventh Amendment.

Therefore, we find that this suit is barred by the Eleventh Amendment which leaves the district court and this court without jurisdiction. The judgment entered by the district court on June 26, 1987 is vacated, and the case remanded to the district court for dismissal.

VACATED AND REMANDED.

---

**3.** For example, Congress may statutorily abrogate the Eleventh Amendment immunity of the states. Congress, however, did not do so when it enacted section 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45, 99 S.Ct. 1139, 1143–47, 59 L.Ed.2d 358 (1979).