931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Benjamine SAYLES, Plaintiff-Appellant,
v.
Thomas VEZA, Indianapolis Police Department, Ronald Harrod,
Indianapolis Police Department, Joseph McAtee,
Chief of Police Indianapolis Police
Department, et al.,
Defendants-Appellees.
 No. 88-3236.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1991.*
Decided April 25, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant Benjamine Sayles appeals the district court's order granting the motions to dismiss of twenty-two defendants in his complaint alleging numerous violations of his civil rights.[1] This appeal concerns only the district court's order which was entered on October 25, 1988.[2]
 
 
 2
 A. DEFENDANTS JONES, RATLIFF, ROBERTSON and HOFFMAN
 
 
 3
 Defendant Jones is the Indiana trial judge who presided over Sayles' criminal trial. Sayles contends that the state trial judge was involved in illegal bond-setting and sentencing. Defendants Ratliff, Robertson and Hoffman are the Indiana state appellate judges who affirmed Sayles' conviction. Sayles claims that these judges engaged "in a continuing pattern and practice of conduct consisting of unconstitutional practices " (emphasis in original). Judges are afforded absolute immunity if their acts are performed within their jurisdiction and in the scope of their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); John v. Barron, 897 F.2d 1387 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 69 (1990). Nothing in Sayles' complaint suggests that these judges exceeded their jurisdiction or judicial authority; therefore, the district court correctly determined that they are entitled to absolute immunity.
 
 
 4
 B. DEFENDANTS GOLDSMITH, TRATHEN, PEARSON and PAUNICKA
 
 
 5
 These defendants are members of the Marion County, Indiana prosecuting attorney's office and the Indiana Attorney General's office who represented the state in the criminal proceeding against Sayles both at trial and on appeal. These defendants are entitled to prosecutorial immunity for acts arising out of the initiation or prosecution of a case. Buckley v. Fitzsimmons, 919 F.2d 1230 (7th Cir.1990). Our review of the record indicates that these defendants did not act outside of their authority in initiating and prosecuting this suit.[3] Therefore, the district court correctly dismissed these defendants.
 
 C. DEFENDANT BISHOP
 
 6
 Defendant Bishop is the state public defender who represented Sayles on appeal. The district court correctly dismissed this defendant pursuant to Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981). The Polk County decision held that state public defenders do not act under color of state law and, therefore, cannot be subject to suit under 42 U.S.C. Sec. 1983.
 
 D. DEFENDANTS McATEE and WELLS
 
 7
 These defendants were the sheriff and former sheriff of Marion County. Sayles alleges that these defendants held him in jail pursuant to an illegal bond-setting scheme. However, Sayles failed to allege any causation or personal involvement by these supervisory defendants. See Jones v. City of Chicago, 856 F.2d 985 (7th Cir.1988); Rascon v. Hardiman, 803 F.2d 269 (7th Cir.1986). As the district court noted, the bond was set by the Marion County court, not these two defendants.
 
 E. DEFENDANT ORR
 
 8
 Defendant Orr was the governor of Indiana at the time these events took place. The district court correctly held that Governor Orr could not be sued without alleging the requisite personal involvement or causation. See Wilks v. Young, 897 F.2d 896 (7th Cir.1990); Wolf-Lillie v. Sonquist, 699 F.2d 864 (7th Cir.1983). The district court also correctly determined that the suit against Orr in his official capacity is actually a suit against the state that is barred by the Eleventh Amendment. Meadows v. Indiana, 854 F.2d 1068 (7th Cir.1988).
 
 
 9
 The district court's order of October 25, 1988, dismissing these defendants is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In addition to the defendants discussed in this order, the district court also dismissed defendants McDonald, Nunn, Ludwig, Fredericks, Johnson, Shettle, Faulkner, Hunt, Hudkins, and Kranning. Appellant Sayles does not mention these defendants in any of his briefs before this court. Therefore, he has waived any arguments challenging the district court's dismissal of these defendants. Sayles also attempts to challenge the subsequent dismissal of defendant Veza. Because the order which is the subject matter of this appeal did not dismiss this defendant, we will not consider this argument
 
 
 [2]
 The district court carefully reviewed Sayles' 65-page complaint, identifying the separate claims Sayles raised against each defendant. Finding "no just cause or reason for the delay of the entry of judgment", the district court dismissed claims against twenty-two of the defendants. The district court's order and entry of judgment complies with Federal Rule of Civil Procedure 54(b). Therefore, this court properly has jurisdiction over the appeal of this order. See e.g., Olympia Hotels Corp. v. Johnson Wax Dev. Corp., 908 F.2d 1363 (7th Cir.1990)
 
 
 [3]
 In his complaint, Sayles charged that the prosecutors forged the documents pertaining to the charges against him. He alleges that when he was arrested, the jail "processed him in" under a charge of attempted murder. Yet, he was formally charged with Intimidation and Resisting a Law Enforcement Officer. The district court found that none of the charging documents spoke of a charge of attempted murder. However, the district court accepted Sayles' allegation and found that he still could not state a claim for relief because these prosecutors were merely exercising their discretion in making charging decisions. The state actually charged him with less serious crimes