## DUTCH VALLEY FOODS, INC., Plaintiff,

v.

## Dr. GHUMMAN, Defendant.

### No. EV 93-26-C.

United States District Court, S.D. Indiana, Evansville Division.

March 5, 1993.

Jo Ann Krantz, Boonville IN, for Dutch Valley Foods Inc.

Thomas E. Kieper, Attorney's Office, Indianapolis IN, for Dr. Ghumman.

## MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the Court on Plaintiff's Motion To Remand. This action was originally filed in Warrick Superior Court as a small claims action. The names in that caption appear as they do on the Order accompanying this Memorandum. The claim states, "[t]hat Defendant owes to Claimant the amount of $540.00 for failure to pay loan." Complaint at 1. The United States Department of Agriculture, a non-party sought removal to this Court stating that, "Dr. Muhammad Ghumman is an inspector with the Food Safety Inspection Service (FSIS), Department of Agriculture, and in his official capacity is named as a defendant in the above-captioned civil action." Petition for Removal at ¶ 1. Plaintiff in its Motion to Remand states that, "Dr. Ghuman was named as a Defendant in the Warrick County action in his individual capacity, and not in his official capacity as an inspector and or agent of the United States Department of Agriculture." Motion to Remand at ¶ 3.

The United States, on behalf of the Department of Agriculture, filed an answer brief. The United States has presented two affidavits and numerous facts, none of which are relevant to the resolution of the sole issue before this Court: Does it have jurisdiction over this claim? Arguments that

Ghumman only interacted with the Plaintiff in his official capacity may well prevail in the trial of the claim against Ghumman in his individual capacity, but they fail to establish jurisdiction in this Court over a claim solely against Ghumman in his individual capacity.

The United States argues that "when a suit is brought against a public official but fails to set forth that the official has been sued in his personal capacity, it is assumed 'that he has been sued in his official capacity.' *Meadows v. State*, 854 F.2d 1068, 1069 (7th Cir.1988); *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir.1985)." Brief at 3. This is not an accurate characterization of these cases. *Meadows* involved a suit against the governor of Indiana and the commander of the Indiana National Guard and included their titles in both the caption and the complaint. *Meadows* states, "where a complaint alleges that the conduct of a public official acting under color of state law gives rise to liability under Section 1983, we will ordinarily assume that he has been sued in his official capacity and only in that capacity." *Meadows* at 1069 (quoting *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir.1985)). Putting aside the fact that this in not a § 1983 action, there is no indication in the complaint that Ghumman was acting under color of law, nor any reference to his official capacity.[1] Therefore there is no inference in this case that Ghumman was sued in his official capacity.

If in the future, Ghumman in his official capacity is added as a defendant, then the case will become removable. Until then, this Court can neither compel the Plaintiff to prosecute an action against a defendant it does not want to sue, nor can this Court resolve issues in a proceeding over which it lacks jurisdiction. Here, Dutch Valley Foods, Inc. has sued Dr. Ghumman in his individual capacity; this Court does not have jurisdiction over this action.

This case shall be remanded to the Warrick Superior Court this 5th Day of March 1993 in Evansville, Indiana.

---

1. The United States also argues that "the complaint names the defendant by his title used in his official capacity as an Inspector, i.e. Dr. Ghumman." The Court takes judicial notice of the fact that the title "Dr." is conferred on individuals upon completion of the requirements of a Doctorate. Without evidence this Court does not believe that the title "Dr." is given to inspectors without regard to their academic credentials. Had Ghumman been named as "Inspector Ghumman", then the United States would have a creditable argument that he was named in his official capacity. Here, the title "Dr." does not indicate that Ghumman was sued in his official capacity.