**Albert CRAWFORD, Executor of the Estate of Donald L. Crawford, Deceased, Appellant–Plaintiff.**

**v.**

**CITY OF MUNCIE, Donald R. Scroggins, Chief of Police, Larry Hammond, Police Officer, as police officers of the Muncie Police Department, Gary Carmichael, Sheriff, John Doe, Deputy Sheriff, John Doe, I, Deputy Sheriff, as Sheriffs of the Delaware County Sheriff's Department, Don Elliott, Sheriff, Delaware County, Appellees–Defendants.**

No. 18A05–9403–CV–12.

Court of Appeals of Indiana.

Sept. 28, 1995.

Rehearing Denied Dec. 4, 1995.

616

John O. Moss, Indianapolis, Jack C. Brown, Indianapolis, for appellant.

Elizabeth A. Knight, Knight, Hoppe, Fanning & Knight, Ltd., Schererville, Michael R. Morow, Stephenson Daly Morow & Kurnik, Indianapolis, for appellees.

## OPINION

BARTEAU, Judge.

Albert Crawford, Executor of the Estate of Donald L. Crawford (Crawford), appeals the dismissal of his action against the defendants, City of Muncie, Muncie Police Chief Donald R. Scroggins, Muncie Police Officer Larry Hammond, Delaware County Sheriff Gary Carmichael,[1] and unnamed Delaware County Sheriff's deputies, in this action alleging damages sustained by Donald Crawford while being arrested by Muncie police and held in the Delaware County jail.[2] We heard oral argument on August 21, 1995, and now affirm the decisions of the trial court.

## FACTS

Muncie Police Officer Larry Hammond arrested Donald Crawford on April 23, 1985. Crawford brought suit, alleging that Officer Hammond inflicted injuries on Crawford by striking Crawford's hands with a flashlight while Crawford was made to place his hands palms-down on the hood of Hammond's police vehicle, and by using harsh language towards him. Crawford also alleged that Delaware County Sheriff Gary Carmichael and his deputies denied Crawford necessary medical attention while he was detained in the Delaware County jail.

---

1. In his original Complaint and First Amended Complaint, Crawford also named Don Elliott, Sheriff of Delaware County, as a defendant. Crawford named Elliott merely because he was the current Sheriff of Delaware County at the time Crawford filed his original Complaint. R. 8, 78. Crawford does not appeal the entry of summary judgment in favor of Elliott.

2. The death of Donald L. Crawford was unrelated to the alleged facts and circumstances giving rise to this action.

### ISSUES

Crawford raises seven issues on appeal, which we consolidate and restate as:

(1) Whether the trial court erred in granting Summary Judgment in favor of the City of Muncie and granting Police Chief Scroggins's Motion to Dismiss.

(2) Whether the trial court erred in dismissing the § 1983 action against Officer Hammond.

(3) Whether the trial court erred in dismissing Crawford's common law tort claims against Officer Hammond.

(4) Whether the trial court erred in denying Crawford's Motion to Amend his complaint.

(5) Whether the trial court erred in dismissing the action against Sheriff Carmichael.

### CITY OF MUNCIE AND POLICE CHIEF SCROGGINS

■ Crawford brought this action under 42 U.S.C. § 1983, alleging excessive force and denial of medical treatment in violation of his rights under the First,[3] Fourth, Fifth,[4] Eighth [5] and Fourteenth Amendments of the United States Constitution.[6] "Local governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and pro-

mulgated by the body's officers." *Monell v. New York City Dep't of Social Services* (1978), 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611. When execution of a government's policy or custom inflicts injury, the government as an entity is responsible under § 1983. *Id.* at 694, 98 S.Ct. at 2037–38. Thus, to hold the City of Muncie liable for the alleged constitutional deprivations, Crawford was required to plead and prove that his injuries resulted from a policy or custom of the City of Muncie or its police department.

■ Crawford sued Chief Scroggins in his official capacity only, and does not contest this fact on appeal. Appellant's Brief 19. By suing Chief Scroggins in his official capacity, Crawford merely stated, or actually re-stated, a claim against the City of Muncie. Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham* (1985), 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (citing *Monell*, 436 U.S. at 690 n. 55, 98 S.Ct. at 2035 n. 55). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166, 105 S.Ct. at 3105 (citing *Brandon v. Holt* (1985), 469 U.S. 464, 471–72, 105 S.Ct. 873, 878, 83 L.Ed.2d 878). In an official capacity suit, the entity's policy or custom must have played a

---

**3.** Crawford summarily alleged a First Amendment violation, specifically claiming that he was denied his constitutional rights to free speech and peaceable assembly. However, none of the facts alleged or found in the record support this allegation.

**4.** Crawford offered no facts or arguments supporting a violation of any Fifth Amendment rights, beyond the bare citation to the Fifth Amendment in his Complaint and First Amended Complaint. To the extent that Crawford alleged a due process violation, he invoked the due process clause of the Fourteenth Amendment, not the Fifth Amendment.

**5.** Again, we fail to find any facts alleging a violation of the Eighth Amendment beyond Crawford's bare citation to the Eighth Amendment. Eighth Amendment scrutiny applies to allegations of denied medical treatment only after for-

mal adjudication of guilt. *City of Revere v. Mass. General Hosp.* (1983), 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605. Crawford contended that he was denied medical treatment when he was detained in the Delaware County jail after being arrested. An allegation that a municipal government denied a pretrial detainee necessary medical treatment invokes the due process clause of the Fourteenth Amendment. *Id.*

**6.** Crawford inserted the parenthetical "(Indiana Constitution)" in the opening paragraph of his Summary of Argument found in his Brief. Beyond this isolated reference, Crawford offered no citation to the Indiana Constitution, no relevant court decisions, and no argument. In the absence of cogent argument, we will not address Crawford's State constitutional claims. *Hines v. Caston School Corp.* (1995), 651 N.E.2d 330, 332 n. 1, *reh'g denied.*

part in the violation in order to impose liability. *Id.*

■■ Municipal liability under § 1983 can be imposed for a single decision by a municipal policymaker under appropriate circumstances. *Pembaur v. City of Cincinnati* (1986), 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452. But, this is not without limitation.

[N]ot every decision by municipal officers automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decision-maker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official— even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.... The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.

475 U.S. at 481–83, 106 S.Ct. at 1299–1300 (citing *Oklahoma City v. Tuttle* (1985), 471 U.S. 808, 822–24, 105 S.Ct. 2427, 2435–36, 85 L.Ed.2d 791).

■■■ The City of Muncie contends that the undisputed facts demonstrated no policy or custom of the City of Muncie or the Muncie police department that caused Crawford's alleged constitutional deprivation. In summary judgment proceedings, the party moving for summary judgment must show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Once the movant establishes that no genuine issue of fact exists, the party opposing summary judgment must set forth specific facts indicating that there is a genuine issue in dispute. If the non-moving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *Pierce v. Bank One– Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 18, *trans. denied.*

■■ Further, the party moving for summary judgment must designate to the trial court all parts of the matters included in the record that it relies on for the motion. The opposing party likewise must designate to the trial court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." Ind.Trial Rule 56(C). Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the non-movant. *Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630, 633.

The City of Muncie argues that Crawford has failed to produce any evidence of a formal written policy or an informal custom that caused the alleged constitutional violations, and that Crawford cannot point to any action or decision by a City of Muncie or Muncie police department policymaker as the cause of his alleged injuries. In the absence of any evidence of policy or custom, the City of Muncie and Chief Scroggins conclude that the City and Chief Scroggins are entitled to judgment as a matter of law. We agree.

■■ On appeal, Crawford cites this Court to his "Supplemental Reply to Motion for Summary Judgment of City of Muncie and Defendant Larry Hammond," R. 307–08, for his designation of factual issues which preclude the grant of summary judgment. The factual allegations included at that record cite reassert the injuries set forth in Crawford's Complaint arising from the constitutional deprivations Crawford contends he sustained. To survive summary judgment, the nonmoving party may not merely rely upon the allegations in his complaint, but must come forward with sufficient factual allegations to establish the existence of genuine issues. *Tippecanoe Sanitary Landfill, Inc. v. Board of County Commissioners* (1983), Ind.App., 455 N.E.2d 971, 974. At the designated point in the record, there is no evidence of a City of Muncie policy or custom, or any decision made by a City of Muncie official with policymaking authority. In fact, our review of the entire record reveals that Crawford has failed to adduce any evidence of such a policy or custom whatsoever.

In the absence of any evidence of policy or custom, there is no genuine issue of material fact and the City of Muncie and Police Chief

Scroggins are entitled to judgment as a matter of law.

### SECTION 1983 CLAIM AGAINST OFFICER HAMMOND [7]

■ Crawford's initial argument concerning Officer Hammond centers upon whether Crawford sued Officer Hammond only in his official capacity, or if Crawford also stated an action against Officer Hammond in his individual capacity. We find that the cause of action set forth in Crawford's original Complaint and First Amended Complaint stated a claim against Officer Hammond only in his official capacity, and therefore affirm the trial court's order dismissing the action against him.

As with the claim against Police Chief Scroggins, an action against Officer Hammond in his official capacity as a Muncie police officer is the same as bringing an action against the municipality itself. In order to impose liability, Crawford must demonstrate that the alleged constitutional deprivation resulted from a municipal policy or custom.[8] As we noted in our discussion above, Crawford has failed to adduce any evidence of a policy or custom, and therefore the trial court properly dismissed the claim against Officer Hammond in his official capacity.

■ However, Crawford contends that he also stated a § 1983 claim against Officer Hammond in his individual capacity. A claimant may impose personal liability on a government official under § 1983 by demonstrating that the official, acting under color of state law, caused the deprivation of a federal right. *Graham,* 473 U.S. at 166, 105

S.Ct. at 3105 (citing *Monroe v. Pape* (1961), 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492). To determine whether Crawford did, in fact, sue Officer Hammond in his individual capacity, we look to the language set forth in his complaint.[9]

■ One indicia of the capacity in which a government agent has been sued under § 1983 is the language of the caption of the case. *Duckworth v. Franzen* (7th Cir.1985) 780 F.2d 645, 649, *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28. Naming a defendant by his position or office raises a presumption that he has been sued in his official capacity. *Id.* Another indicia of the capacity in which an agent has been sued is the allegations and language used in the body of the complaint. *Meadows v. State of Ind.* (7th Cir.1988), 854 F.2d 1068, 1069. "If a plaintiff seeks to sue public officials in their personal capacities or in both their personal and official capacities, the plaintiff should expressly state so in the complaint." *Id.* (citing *Kolar v. County of Sangamon* (7th Cir.1985), 756 F.2d 564, 568–69). In an allegation that a government official has acted under the color of state law giving rise to liability under § 1983, the court ordinarily assumes that the official was sued only in the official capacity. *Hill v. Shelander* (7th Cir. 1991), 924 F.2d 1370, 1373, *reh'g denied.*

Reviewing Crawford's original Complaint and First Amended Complaint, we find that every reference to Officer Hammond indicated that he was sued only in his official capacity. The captions of Crawford's original Complaint and First Amended Complaint were identical and referenced Chief Scroggins and Officer Hammond as "DONALD R.

---

7. Indiana Appellate Rule 8.3(A)(7) contemplates the argument in the Brief of Appellant to be more than mere reproductions of case headnotes and recitation of treatise excerpts. *See* Brief of Appellant 23–24, 27–29, 34–36. Discussion and analysis of the cited authorities relevant to the particular issues would assist the Court's consideration of the arguments and theories promulgated by Crawford.

8. Crawford does not contend that officer Hammond had policymaking authority.

9. Crawford filed his original Complaint in this matter on April 23, 1987. Crawford purported

to file a First Amended Complaint on October 28, 1987, without order or leave of court. Appellee Carmichael moved to strike the First Amended Complaint due to Crawford's failure to gain leave of court, and Carmichael's motion was granted. We note that Crawford omitted this fact from his Statement of the Case.

Nonetheless, Officer Hammond, who was represented by different counsel than Carmichael, answered Crawford's First Amended Complaint and has proceeded against the assertions made therein. Regardless, we find that the allegations made in neither the Complaint nor First Amended Complaint assert viable claims against any of the Appellees.

SCROGGINS, CHIEF OF POLICE, LAR-
RY HAMMOND, POLICE OFFICER, as
police officers of the Muncie Police Depart-
ment." The introductory paragraph of each
complaint stated that Crawford was suing
"Larry Hammond, as police officer of the
Muncie Police Department." Paragraph two
of both complaints stated as follows:

> 2. That on and prior to the 23rd day of
> April, 1985, the Defendants, Donald R.
> Scroggins and Larry Hammond, were em-
> ployed by the city of Muncie, county of
> Delaware. At all times pertinent to this
> action said Defendants were acting in said
> capacity.

And, paragraph five of both complaints stat-
ed:

> 5. On or about April 23, 1985, the Defen-
> dant, Larry Hammond, while acting in his
> capacity as police officer for the city of
> Muncie, Indiana, arrested the Plaintiff at
> or near Liberty and Second Street, Mun-
> cie, Delaware County, Indiana. Said Lar-
> ry Hammond used unnecessary and exces-
> sive force on Plaintiff in making said ar-
> rest.

Nowhere in either the original Complaint
or the First Amended Complaint did Craw-
ford identify Officer Hammond in his person-
al capacity, or in any way indicate that he
was suing Officer Hammond individually. To
the contrary, the references made to Officer
Hammond in both complaints clearly speci-
fied that Crawford's action was against Offi-
cer Hammond only in his official capacity. A
suit against a public official in his official
capacity is simply a suit against the public
entity itself. *Graham* (1985), 473 U.S. 159,
165, 105 S.Ct. 3099, 3105. For the same
reasons that the trial court properly dis-
missed Crawford's action against the City of
Muncie and Police Chief Scroggins, so too
did the trial court properly dismiss the action
against Officer Hammond in his official ca-
pacity.

10. Evidently, "LARRY OFFICER" is a typo-
graphical error and was intended to read "LAR-
RY HAMMOND."

11. This is to be distinguished from stating a
claim for deprivation of a constitutional right
against Officer Hammond in either his official or

At this juncture we note that the captions
on Crawford's Brief and Reply Brief, as well
as the captions Crawford placed on the cover
of the Record of Proceedings, differ from the
captions on the original Complaint and First
Amended Complaint. Specifically, the cap-
tions that Crawford has offered to this Court
include the references "LARRY HAM-
MOND, AS POLICE OFFICER, LARRY
OFFICER, INDIVIDUALLY, GARY CAR-
MICHAEL, AS SHERIFF, GARY CARMI-
CHAEL, INDIVIDUALLY," [10] whereas the
captions on Crawford's complaints state
"LARRY HAMMOND as police officers of
the Muncie Police Department, GARY CAR-
MICHAEL, [and unidentified deputies], as
sheriffs of the Delaware County Sheriff's De-
partment." In explanation, Crawford claims
that any caption change was inadvertent.

When reviewing to determine the capacity
in which a public official has been sued under
§ 1983, a critical factor upon which this
Court focuses is how the plaintiff captioned
the case. Thus, an accurate record of the
language of the case caption is significant to
this Court's analysis. The captions included
on briefs filed before this Court are given no
persuasive weight in our consideration of this
matter, and we accept counsel's explanation
that any caption alteration was inadvertent.
Nonetheless, we caution counsel to devote
greater attention to such matters.

### TORT CLAIMS AGAINST OFFICER HAMMOND

Crawford also contends that the trial court
erred in dismissing his common law tort
claims against Officer Hammond. Although
it is not readily gleaned from either of Craw-
ford's complaints, counsel for Officer Ham-
mond conceded during argument before the
trial court that Crawford alleged State law
claims against Officer Hammond. R. 514.
Further, Officer Hammond does not contest
on appeal the fact that Crawford pleaded
State tort law claims against him.[11]

individual capacity. As we have noted above,
Crawford sued Officer Hammond only in his
official capacity. Officer Hammond provides no
argument on the ramifications of asserting a tort
claim against a police officer in his official ca-
pacity, and our decision today does not address
that issue.

The allegations in Crawford's complaints assert that Officer Hammond struck Crawford with a flashlight and addressed him with harsh language. While Crawford's plain assertion that Officer Hammond used harsh language fails to state an actionable claim in tort,[12] the allegation that Officer Hammond injured Crawford's hand by striking it with a flashlight, subject to any defenses or justifications, stated a claim for battery. *See Cohen v. Peoples* (1966), 140 Ind.App. 353, 220 N.E.2d 665; *McGlone v. Hauger* (1914), 56 Ind.App. 243, 104 N.E. 116.

Officer Hammond contends that the trial court properly dismissed the State tort action against him because the undisputed evidence demonstrated that Crawford's hand injury could not have resulted from the alleged conduct. Specifically, Officer Hammond pointed to the deposition of Crawford's treating physician, Dr. Patrick Murray, who testified that the damage to Crawford's hand was inconsistent with the manner in which he allegedly sustained the injury.

Q. If one's palm or hand was placed flat on top of an object and one were to have been struck by an object to that, what I'll call the top of the hand, would that cause this type of fracture as seen in the little finger on the right hand of Mr. Crawford?

A. It is difficult for me to imagine or understand how that type of injury would cause the fracture that we have been discussing.

R. 276–77. Dr. Murray went on to testify that Crawford's injury was more consistent with one sustained during a fist-fight. R. 277. Also, Crawford stated on the inmate questionnaire that he completed when he was admitted to the jail that he did not require medical attention. R. 206. Officer Hammond contends that these facts indicate that he did not injure Crawford.

Officer Hammond demonstrated that the undisputed evidence, including the testimony of Crawford's physician, indicated that any injury to Crawford's hand could not have been caused by Officer Hammond striking Crawford during his arrest. Upon doing so, the burden was on Crawford to designate to the trial court evidence sufficient to demonstrate the existence of a genuine issue of material fact on his battery claim. T.R. 56(C). Crawford failed to designate any evidence of a genuine issue of material fact, and again relied upon the allegations in his complaint. This was insufficient to carry his burden. *Tippecanoe Sanitary Landfill*, 455 N.E.2d at 974.

The undisputed evidence demonstrated that Officer Hammond was entitled to judgment as a matter of law on Crawford's claim of battery.

### MOTION TO AMEND COMPLAINT

When Officer Hammond moved for dismissal of the claims against him, Crawford requested leave of court to amend his complaint in order to state claims against Officer Hammond in his individual capacity and under tort law.[13] Crawford argues that the trial court abused its discretion in denying his motion to amend his complaint.

A trial court is given broad discretion in determining whether to grant leave to amend a complaint, and its decision will be reversed only upon a showing of an abuse of that discretion. *Indiana High School Athletic Assoc. Inc. v. Schafer* (1992), Ind.App., 598 N.E.2d 540, *trans. denied; Benke v. Barbour* (1983), Ind.App., 450 N.E.2d 556. In determining whether leave to amend should be granted, the court considers "undue delay, bad faith, or dilatory

---

12. Giving Crawford the benefit of the doubt, we can only speculate that his intended allegation was that he suffered emotional distress under Officer Hammond's harsh words. The tort of intentional infliction of emotional distress is "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Cullison v. Medley* (1991), Ind., 570 N.E.2d 27, 31. It is the intent to harm one emotionally that constitutes the basis for the tort. *Id.* Crawford's complaints failed to state a cause of action under *Cullison.*

13. This was subsequent to the First Amended Complaint which Crawford purported to file without obtaining leave of court. The trial court ordered the First Amended Complaint stricken from the record, and Crawford does not appeal that order.

motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment." *Palacios v. Kline* (1991), Ind.App., 566 N.E.2d 573, 575.

Here, six years passed since Crawford filed his original Complaint. Crawford delayed a considerable amount of time before seeking leave to amend his complaint in order to state a claim against Officer Hammond individually. Officer Hammond has spent the past six years defending the action brought by Crawford against him in his official capacity. To now require Officer Hammond to defend a claim brought against him in his individual capacity and under additional legal theories would cause undue prejudice and would be manifestly unfair. The trial court did not abuse its discretion in denying Crawford leave to amend his complaint.

### SHERIFF CARMICHAEL

■ Finally, Crawford argues that the trial court erred in dismissing his action against Sheriff Carmichael. Specifically, Crawford appeals only from the trial court's order of June 16, 1992, dismissing the common law tort claims against Sheriff Carmichael.[14] Crawford has not appealed from the trial court's order of October 2, 1991, in which the trial court dismissed that part of Crawford's action against Sheriff Carmichael in his official capacity seeking damages for the alleged constitutional deprivations under § 1983 and *respondeat superior.*

Crawford argued in opposition to Sheriff Carmichael's motion that his only tort claim against Sheriff Carmichael was founded on an *"intentional* wrong." R. 279 (Crawford's own emphasis). Crawford stated that "Defendant Carmichael intentionally, willingly, knowingly, and purposefully denied Plaintiff emergency medical attention." R. 279.

Crawford specifically argued that his tort claim against Sheriff Carmichael was not founded in negligence. R. 279.

The trial court correctly found that the undisputed facts do not support an allegation of intentional tort. Crawford has not alleged and has failed to adduce any evidence of intentional conduct on the part of Sheriff Carmichael.[15] Crawford clearly abandoned the theory of *respondeat superior,* and thereby did not seek to hold Sheriff Crawford liable for any tortious acts his deputies may have committed. The facts designated to the trial court and otherwise found in the record do not support Crawford's claim that Sheriff Crawford intentionally caused Crawford's alleged injuries. The trial court properly dismissed Crawford's common law tort claims against Sheriff Carmichael.

### CONCLUSION

For the reasons set forth above, the trial court's orders dismissing Crawford's claims against all Defendants are AFFIRMED.

ROBERTSON, J., concurs.

RUCKER, J., dissents in part and concurs in result in part.

RUCKER, Judge, dissenting.

I respectfully dissent from that portion of the majority opinion affirming the trial court's grant of summary judgment in favor of Officer Hammond on Crawford's tort claims. According to Crawford, Officer Hammond battered him by striking his hand with a flashlight. Relying primarily on the deposition of Dr. Murray, Crawford's treating physician, the majority concludes the evidence is undisputed and indicates that any injury to Crawford's hand could not have been caused by Officer Hammond striking Crawford during his arrest. I disagree. Dr.

---

14. Crawford failed to set forth a verbatim statement of the judgment as required under Ind.Appellate Rule 8.3(A)(4). Counsel should attend to this oversight in future appeals.

15. In an effort to resuscitate his claim in light of his argument before the trial court, Crawford makes the inconsistent and illogical argument that "[a]ll proceedings against Carmichael on a Respondeat Superior Theory is for negligence, or

gross negligence, which is in the nature of intentional tort." Brief of Appellant 41. We fail to see how an act of negligence can be intentional. Further, we fail to discern any cognizable argument from Crawford's assertion: "Cornucopia (Tr. 492) please note the action against the Sheriff under the Fifth–Eighth–Fourteenth Amendments (Tr. 493–494)." Brief of Appellant 41.

Murray did not state unequivocally that Officer Hammond did not strike or could not have stricken Crawford in the manner in which Crawford alleged. Rather, the Doctor merely testified that it was "difficult for [him] to imagine or understand" how Crawford could have sustained the injury of which Crawford was complaining. The Doctor's difficulty in understanding does not negate Crawford's allegation. At most his opinion only furthers the dispute of fact concerning that which was already in dispute, namely, whether Officer Hammond did or did not strike Crawford on the hand with a flashlight thereby causing Crawford to sustain injury. Summary disposition is inappropriate where a dispute of material fact exists. In my view, the trial court erred in granting Officer Hammond's motion on this issue.

As for the remainder of the issues, I concur in the result reached by the majority and for the reasons the majority expresses. I am constrained however from full concurrence because I do not agree with the tone and tenor of various footnotes contained in the opinion. Although in some instances very subtle, a number of the footnotes are unfairly critical of the way in which Crawford's Brief of Appellant is organized, and the manner in which Crawford presents his arguments. Even if I were to agree for the sake of discussion that the Brief could have been more carefully edited, it still presents the complex issues in this case in a manner sufficient for appellate review. In sum, the majority's criticism is unwarranted and unnecessary. Regardless of the Brief, counsel for Appellant as well as counsel for Appellees should be commended for their very able presentations made at oral argument.

For the reasons expressed, I dissent to the grant of summary judgment in favor of Officer Hammond on Crawford's tort claims. In all other respects I concur in result.

In the Matter of J.H., a Child Alleged To Be A Delinquent, Appellant–Respondent,