**Louise M. DEL MARCELLE, Plaintiff,**

v.

**STATE OF WISCONSIN and Gov. T. Thompson, Brown County, a Corporation of the State of Wisconsin and Cty Executive Ms. N. Nusbaum, Defendants.**

*No. 95–C–1030.*

United States District Court, E.D. Wisconsin.

Oct. 27, 1995.

Louise M. Del Marcelle, De Pere. WI, Pro Se.

No appearance for Defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The pro se plaintiff, Louise Del Marcelle, has filed a 42 U.S.C. § 1983 action against the above-captioned defendants and six other defendants not listed in the caption of her complaint. The complaint is accompanied by a petition for leave to proceed in forma pauperis, which will be denied.

█ In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Ms. Del Marcelle's pro se allegations a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

█ In the plaintiff's affidavit of indigence, she states that she works part-time (22 hours per week) earning $6.73 per hour. Ms. Del Marcelle states that she has between $20 and $30 in a checking account and $30 in a savings account. She claims that she owns an automobile worth $2,000. However, Ms. Del Marcelle lists debts exceeding $5,000. She also lists four children as dependents, for whom she receives $400 monthly in child support. I believe that the plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the costs of commencing this action.

█ The plaintiff must next demonstrate that her action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1732, 118 L.Ed.2d 340 (1992); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 306 (7th Cir.1993).

In addition to the defendants named in the caption of her complaint, Ms. Del Marcelle names the following as additional defendants: Hon. Vivian Dilweg, Hon. J. Luetscher, family court commissioner, Hon. Neil McKloskey, family court commissioner, Attorney R. Dequaine, Attorney J. Evans and H & R Block.

Ms. Del Marcelle alleges that in April 1995 she filed her 1994 federal and state income tax returns. She claims that she elected to file her returns as "married filing separate." The plaintiff asserts that after she had filed her returns, and during her divorce proceedings, "the Brown County Courts" ordered her to release to the family court commissioner copies of her 1994 federal and state tax returns. Ms. Del Marcelle claims that her tax returns were released to her "soon to be ex-husband" and to his attorney, R. Dequaine.

The plaintiff contends that "[a]fter the unauthorized audit of [her] tax returns," the court ordered her to file a joint amended tax return. She alleges that she was "brought before the court, Hon. V. Dilweg" and was ordered to sign an amended joint return, which she alleges has resulted in the submission of a fraudulent tax return to the Wisconsin Department of Revenue and to the Internal Revenue Service. Ms. Del Marcelle maintains that the state court's decision to order her to sign a tax return against her will and the court's decision to order her to file a joint amended return violated her "civil and constitutional rights." The plaintiff also maintains that the allegedly involuntary release of her tax returns violated her right to privacy.

As relief, Ms. Del Marcelle seeks monetary damages in the amount of $2.5 million "for harassment, public embarrassment, mental stress, loss of income and loss of companionship violations of my civil and constitutional rights."

█ Although attorney Evans and H & R Block are listed as defendants in the body of her complaint, Ms. Del Marcelle does not make any factual allegations implicating either of them. The plaintiff's pro se complaint must be liberally construed, but even pro se complainants must provide some factual support for their claims. *White v. White,* 886 F.2d 721, 724 (4th Cir.1989).

The plaintiff does not allege that attorney Evans, attorney Dequaine or H & R Block are persons acting under color of state law. To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law violated the plaintiff's rights under the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1987). A defendant may be deemed a state actor if that defendant collaborates with a state official to deny the plaintiff her constitutional rights. *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1397 (7th Cir. 1994).

Ms. Del Marcelle cannot maintain an action for money damages against the state of Wisconsin. Under the Eleventh Amendment to the United States Constitution, a state is immune "from suits brought in federal courts by her own citizens ..." absent a waiver of immunity by the state. *See Employees of the Department of Public Health and Welfare of Missouri v. Department of Public Health and Welfare of Missouri*, 411 U.S. 279, 280, 93 S.Ct. 1614, 1615, 36 L.Ed.2d 251 (1973). The plaintiff has not alleged that the state of Wisconsin has waived its immunity.

The Eleventh Amendment also bars official capacity suits against state officials because the state is the real party in interest in such suits. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Consequently, Ms. Del Marcelle cannot maintain her action for damages against Governor Thompson in his official capacity. *See Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir.1988) (Eleventh Amendment barred suit against the governor of Indiana in his official capacity.).

Moreover, the plaintiff cannot maintain her action against the governor in his individual capacity. Individual liability under § 1983 must be based upon personal involvement in an alleged deprivation. *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). Ms. Del Marcelle does not claim that Governor Thompson had any personal involvement in her alleged constitutional deprivation.

Unlike the state, Brown county does not have immunity under the Eleventh Amendment. *Ruehman v. Sheahan*, 34 F.3d 525, 528 (7th Cir.1994). However, a municipality can only be liable under § 1983 based upon a policy or practice of such a governmental entity. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978); *Hirsch v. Burke*, 40 F.3d 900, 904 (7th Cir.1994). An individual cannot maintain an action against a municipality under a theory of respondeat superior. *Hirsch*, 40 F.3d at 904. Ms. Del Marcelle has not alleged that Brown county employed any type of policy or practice which would lead to the alleged constitutional violations. Therefore, Brown county will be dismissed as a defendant from this action.

County officials are likewise not entitled to immunity under the Eleventh Amendment. *See Scott v. O'Grady*, 975 F.2d 366, 370 (7th Cir.1992), *cert. denied*, ⸺ U.S. ⸺, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993). However, to maintain an action against Ms. Nusbaum in her official capacity, the plaintiff must allege that her constitutional injuries were caused by an official policy or custom of the county. *See Holmes v. Sheahan*, 930 F.2d 1196, 1199 (7th Cir.), *cert. denied*, 502 U.S. 960, 112 S.Ct. 423, 116 L.Ed.2d 443 (1991). As stated above, Ms. Del Marcelle does not claim that her alleged constitutional injuries were caused by any policy or practice employed by Brown county.

The plaintiff also cannot maintain her action against Ms. Nusbaum in her individual capacity. Individual liability under § 1983 is predicated upon an "affirmative link" or a "causal connection" between the alleged misconduct and the official sued. *Wolf–Lillie*, 699 F.2d at 869. Ms. Del Marcelle's complaint is devoid of any factual allegations involving Ms. Nusbaum.

The doctrine of judicial immunity provides judges with protection from liability for damages for acts performed in a judicial capacity. *Forrester v. White*, 484 U.S. 219, 227–28, 108 S.Ct. 538, 544–45, 98 L.Ed.2d 555 (1988). The doctrine of judicial immunity permits judges freely to exercise their duties

without fear of harassment from dissatisfied litigants. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). Ms. Del Marcelle seeks damages from Judge Dilweg, Judge Luetscher and Judge McKloskey on the basis of their actions in connection with her divorce proceedings. Specifically, the plaintiff requests damages because she was ordered to provide the state court with copies of her 1994 tax returns and to file an amended return. Because these acts were performed within the defendants' capacity as judges, Ms. Del Marcelle's claim against them for monetary damages is barred by the doctrine of judicial immunity.

■ Since the plaintiff cannot maintain an action under § 1983 against any of the defendants, her action is legally frivolous under 28 U.S.C. § 1915(d). Therefore, her petition for leave to proceed in forma pauperis will be denied, and her action will be dismissed without prejudice.

Along with her complaint, Ms. Del Marcelle submitted a request for the appointment of counsel. Because her action will be dismissed, her request for appointed counsel will be denied.

### ORDER

Therefore, IT IS ORDERED that Ms. Del Marcelle's petition for leave to proceed in forma pauperis in this action be and hereby is denied.

IT IS ALSO ORDERED that Ms. Del Marcelle's request for the appointment of counsel be and hereby is denied.

IT IS FURTHER ORDERED that the Clerk of Court be and hereby is directed to enter judgment dismissing this action, without prejudice, in accordance with Rule 58, Federal Rules of Civil Procedure.