William CRAFT, Plaintiff,

v.

MANN, Counselor, Keller, Fox, State of Indiana, Stanley Knight, Hahn, and John R. Vannata, Defendants.

Cause No. 3:02–CV–0859 AS.

United States District Court, N.D. Indiana, South Bend Division.

May 21, 2003.

William Craft, pro se, Carlisle, IN, for Plaintiff.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

William Craft, a prisoner currently confined in the Wabash Valley Correctional

Facility, submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R.Civ.P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir.2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

■ Mr. Craft brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir.1984). To state a claim under § 1983, a plaintiff must satisfy two elements; he must allege violation of rights secured by the Constitution and laws of the United States, and he must show a person acting under color of law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

■ Mr. Craft names the State of Indiana as a defendant, but his claims against Indiana run afoul of the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "The Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart,* 57 F.3d 1544, 1552 (10th Cir.1995); *see also Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Welch v. Texas Dept. of Highways and Transportation,* 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). A state may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. *Meadows v. State of Indiana,* 854 F.2d 1068, 1069 (7th Cir.1988).

■ Mr. Craft also names Governor Frank O'Bannon and Indiana Department of Correction Commissioner Evelyn Ridley–Turner as defendants. Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the

person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart,* 87 F.3d 872, 879 (7th Cir.1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady,* 761 F.2d 335, 339 (7th Cir.1985). The doctrine of *respondeat superior,* under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana,* 999 F.2d 1125, 1129 (7th Cir.1993). Mr. Craft does not suggest that the governor or commissioner had any direct personal involvement in the incidents of which he complains, and they cannot be held liable for the actions of their subordinates through *respondeat superior.*

■ Mr. Craft alleges that state officials took a watch from him. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The Indiana tort claims act, Ind.Code § 34–13–3, provides a sufficient remedy for loss of personal property. *Hossman v. Spradlin,* 812 F.2d 1019, 1023 (7th Cir.1987), so, the property loss alleged by Mr. Craft states no claim upon which relief can be granted under § 1983.

Mr. Craft alleges that he was denied nutritious food for two days, and was only given cheese sandwiches. Denying an inmate nutritious food may constitute an Eighth Amendment violation, but conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional viola-

tion if imposed for short periods of time. *See Jones–Bey v. Wright,* 944 F.Supp. 723, 732 (N.D.Ind.1996). Denial of full nutritious meals for two days is insufficient to violate the Eighth Amendment's prohibition against cruel and unusual punishments.

■ Mr. Craft alleges that prison officials have written frivolous conduct reports against him. The Constitution, however, does not protect inmates from frivolous disciplinary reports. This is true even if the conduct report is not merely frivolous, but is actually false. *Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir.1997).

■ Mr. Craft also alleges that he was forcibly raped or molested by correctional officers and that he has been subjected to cruel and unusual punishment and racial discrimination. "Fed.R.Civ.P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir.1998), *quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Giving Mr. Craft the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with these allegations.

■ Mr. Craft, however, names many correctional officers and others as defendants, but he never states what any defendant did to him or when and where these incidents occurred. The pleadings in a case consist of the plaintiff's complaint and the defendant's answer. Fed.R.Civ.P. 8 establishes a system of notice pleading, but even so, Rule 8(a), requires that a party's pleading "shall contain ... (2) a short and plain statement of the claim showing that

the pleader is entitled to relief …" A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart,* 87 F.3d at 879.

Mr. Craft's complaint does not allege facts showing particular defendants' participation or direct responsibility for his having been forcibly raped or molested by correctional officers or for subjecting him to cruel and unusual punishment and racial discrimination. The lack of this information prevents the court from properly screening these claims pursuant to § 1915A by determining the defendants against whom Mr. Craft may properly proceed. Accordingly, the court will afford the plaintiff time within which to file an amendment to his complaint containing a short and plain statement of each incident in which he was raped or molested or denied medical treatment, state where and when each incident occurred, and state the names of the officers or others involved in each incident.

For the foregoing reasons, the court:

(1) **DISMISSES,** pursuant to 28 U.S.C. § 1915A(b), the State of Indiana, Frank O'Bannon, and Evelyn Ridley–Turner, and **DISMISSES** the plaintiff's claims that prison officials deprived him of property, denied him adequate food for two days, and wrote frivolous conduct reports against him; and

(2) affords the plaintiff to and including June 13, 2003, within which to file an amendment to his complaint containing a short and plain statement of each incident in which he was raped or molested or denied medical treatment, stating where and when each incident occurred, and stating the names of the persons involved in each incident. Failure to file an amendment to the complaint within the time allotted may lead to the dismissal of this case without further notice. The plaintiff

should submit summonses and process receipt and return forms for each defendant he lists in his amendment to his complaint.

**IT IS SO ORDERED.**