## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2018, 5:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Antwoin Richmond
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antwoin Richmond,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Drew Adams, Melissa Pine, and John Doe #1,<br>*Appellees-Defendants* | November 20, 2018<br><br>Court of Appeals Case No.<br>18A-CT-833<br><br>Appeal from the Marion Superior Court<br><br>The Honorable John F. Hanley, Judge<br><br>Trial Court Cause No.<br>49D11-1712-CT-46012 |

**Altice, Judge.**

**Case Summary**

[1] Antwoin Richmond filed a pro-se complaint against Drew Adams, Melissa Pine, and John Doe #1 (collectively, Defendants) under 42 U.S.C. § 1983. He sought to amend his original complaint as a matter of course pursuant to Ind. Trial Rule 15(A), but the trial court never ruled on the motion to amend. About this same time, the Defendants filed a motion to dismiss the original complaint pursuant to Ind. Trial Rule 12(B)(6). The trial court summarily granted the motion to dismiss with prejudice. Richmond filed a motion to correct error, emphasizing that he had moved to amend his complaint before the dismissal was sought or granted. The trial court summarily denied the motion to correct error. We agree with Richmond that he had a right to amend his complaint, and the trial court erred by failing to grant him leave to do so and then dismissing the original complaint for failure to state a claim.

[2] We reverse and remand.

## Facts & Procedural History

[3] In December 2007, Richmond pled guilty to Class A felony child molesting and was sentenced to twenty years. He was released on parole in February 2013. On April 21, 2016, Richmond was instructed by Pine, his parole agent, to report to the parole office. Richmond did as requested and was administered a urine test, which another parole agent, John Doe #1, determined was adulterated or diluted. This, along with other evidence, led to the swift revocation of Richmond's parole and his return to the Indiana Department of Correction (DOC).

Richmond filed his original complaint on December 14, 2017, alleging that the testing procedures used by Pine and John Doe #1, and approved by their supervisor Adams, failed to comply with established DOC requirements in several respects. He also alleged malicious and nefarious intent in this regard and claimed the Defendants violated his constitutional rights, including his right to due process.

On January 10, 2018, before any responsive pleading was filed, Richmond filed an amended complaint. The trial court then directed Richmond to submit a motion and proposed order. Accordingly, on February 2, 2018, Richmond filed three documents with the trial court: a motion to amend civil complaint; an amended verified civil complaint; and, a proposed order granting plaintiff's motion to amend civil complaint.[1] We note that the captions for these documents, as well as all subsequently filed by Richmond, indicate that the Defendants were being sued in their official and personal capacities. The trial court did not rule on the motion to amend the complaint.

On February 9, 2018, the Defendants filed a motion to dismiss the original complaint for failure to state a claim upon which relief may be granted. The

---

[1] We note that several relevant documents that were filed with the trial court are not included in the appendices filed on appeal. Thus, we have taken judicial notice of the documents filed with the trial court, which we have obtained via the Odyssey case management system. *See Horton v. State*, 51 N.E.3d 1154, 1160-61 (Ind. 2016) (observing that Ind. Evidence Rule 201(b)(5) "now permits courts to take judicial notice of 'records of a court of this state,'" and that such records are presumptively sources of facts "that cannot reasonably be questioned"); *see also* Ind. Appellate Rule 27 (providing that the "Record on Appeal…consist[s] of the Clerk's Record and all proceedings before the trial court…whether or not transcribed or transmitted to the Court on Appeal").

Defendants argued that they were entitled to judicial immunity and that they had complied with the requirements of due process. Richmond filed a document with the trial court strongly opposing the motion to dismiss. The trial court, however, summarily granted the motion to dismiss.

[7] On or about March 21, 2018, Richmond mailed from prison both a motion to correct error and a notice of appeal. In his motion to correct error, Richmond noted that the trial court had failed to rule upon his motion to amend the complaint. Richmond observed that he had a right to amend his complaint pursuant to T.R. 15(A). Additionally, he cited relevant authority and argued that the Defendants did not have immunity for their activities involving the collection and handling of the urine sample. *See e.g., Dawson v. Newman,* 419 F.3d 656, 662 (7th Cir. 2005) (no absolute judicial immunity for parole officers' actions involving "day-to-day duties in the supervision of a parolee").

[8] The trial court denied Richmond's motion to correct error on May 4, 2018, about two weeks after the notice of completion of clerk's record had been noted on the CCS and, thus, after this court had acquired jurisdiction. *See* Ind. Appellate Rule 8. The denial of the motion to correct error is, therefore, for naught. *See Snemis v. Mills*, 24 N.E.3d 468, 470 n.2 (Ind. Ct. App. 2014). Richmond now appeals. Additional information will be provided as needed.

### Discussion & Decision

[9] Richmond contends that the trial court improperly dismissed his complaint without ruling on his motion to amend. Additionally, he argues that the

Defendants' mishandling of his urine sample was not subject to absolute immunity and that he sufficiently pled a violation of his due process rights.

[10] On appeal, the Defendants have abandoned the arguments raised in their motion to dismiss. Their new argument is that they were sued only in their official capacity and that "[n]either the State nor its officials are 'persons' who may be sued for damages under Section 1983." *Appellees' Brief* at 8. This argument is disingenuous.

[11] As observed by the Defendants, we may look to the language of the caption of the case to determine whether a defendant is being sued in his or her personal or official capacity, or both. *See Lake Cty. Juvenile Court v. Swanson*, 671 N.E.2d 429, 434 (Ind. Ct. App. 1996) ("If a plaintiff seeks to sue public officials in their personal capacities or in both their personal and official capacities, the plaintiff should expressly state so in the complaint."), *trans. denied*; *Crawford v. City of Muncie*, 655 N.E.2d 614, 620 (Ind. Ct. App. 1995) ("One indicia of the capacity in which a government agent has been sued under § 1983 is the language of the caption of the case."), *trans. denied*.

[12] Richmond's amended complaint, filed on February 2, 2018, clearly indicates that the Defendants are being sued in their "official and personal capacity". *Amended Verified Civil Complaint* at 1 (document obtained from Odyssey). Further, it is well established that amendments to pleadings are to be liberally allowed and that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served". T.R. 15(A); *Rusnak v. Brent*

*Wagner Architects*, 55 N.E.3d 834, 842 (Ind. Ct. App. 2016), *trans. denied*. Richmond timely sought to amend his complaint and was entitled to do so. The trial court erred by not allowing the amendment and by, instead, dismissing the original complaint.

[13]   We reverse the dismissal and direct the trial court on remand to proceed under the amended complaint.

Brown, J. and Tavitas, J., concur.